

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISON

| | |
|---|---|
| C.B., a minor,<br><br>   Plaintiff,<br>v.<br><br>SONORA SCHOOL DISTRICT; KAREN SINCLAIR; CITY OF SONORA; CHIEF OF POLICE MACE MCINTOSH; OFFICER HAL PROCK; DOES 1-10,<br><br>   Defendants. | CASE NO. 1:09-CV-00285-OWW-DLB<br><br>STIPULATED REQUEST FOR A PROTECTIVE ORDER AND ORDER<br><br>Judge:   Oliver W. Wanger |

1.  Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, and/or private information for which the parties seek special protection from public disclosure and from use for any purpose other than in connection with the instant litigation. Accordingly, the parties hereby stipulate to the following protective order.

2.  The parties acknowledge that this stipulated protective order creates no entitlement to file confidential information under seal or to file documents redacted of confidential information other than that defined in Civil Local Rule 39-140(a); Civil Local Rule 39-140 and 39-141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal or to file redacted documents with the Court.

1

3. The following "Confidential Documents" are protected under the terms and conditions of this stipulated protective order:

- Plaintiff's academic records and disciplinary records from Sonora School District, Gold Rush Charter School and any of plaintiff's academic and disciplinary records from any other school.
- Any and all records regarding plaintiff from a mental health care provider, including, but not limited to, psychiatric and psychological records.
- Any and all records regarding plaintiff from a healthcare provider.
- Any juvenile criminal and police records regarding plaintiff including, but not limited to, the police department records regarding the incident that forms the subject of plaintiff's complaint.
- Any and all records regarding plaintiff maintained by Child Protective Services.

"Confidential Documents" as used herein shall refer to the above described documents.

4. It is agreed that these Confidential Documents, and any part of them, shall be used solely in connection with this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose. This includes depositions when confidential documents are attached as exhibits or discussed by deponents.

5. These Confidential Documents may not be disclosed except as set forth in paragraph 6. "Disclosed" means that the documents themselves, or copies of the documents, or the substance of the documents are disseminated to any person by any means.

6. The Confidential Documents shall be retained by counsel for the parties to this lawsuit and shall not be disclosed to anyone other than:

    a.) Counsel for any party to this action;

    b.) Paralegal, stenographic, clerical and secretarial personnel, regularly employed by counsel referred to in (a) and law students assigned to this case;

    c.) Parties and party witnesses;

**STIPULATED REQUEST FOR A PROTECTIVE ORDER**

| | | |
|---|---|---|
| 1 | d.) | Court reporters; |
| 2 | e.) | Court personnel including stenographic reporters engaged in such |
| 3 | | proceedings as are necessarily incidental to preparation for the trial of |
| 4 | | this action and any court proceedings related to the instant litigation; |
| 5 | f.) | Outside experts or consultants retained by any party in connection with |
| 6 | | this action; |
| 7 | g.) | "In house" experts designated by a party to testify at trial in this |
| 8 | | matter; |
| 9 | h.) | Other witnesses on a "need to know" basis; |
| 10 | i.) | Third-party contractors involved in photocopying or filing of |
| 11 | | computerized data. |

7. "Confidential documents shall be disclosed only to those persons designated in Paragraph 6 who have been advised that the information is being disclosed pursuant and subject to the terms of this Stipulated Protective Order, and have agreed: to be bound by this Stipulated Protective Order, to return all copies of confidential discovery material to which they are given access to counsel of record at the conclusion of this Action or any judicial proceeding seeking the clarification, modification or vacation of the award rendered therein, and/or certify in writing to counsel of record that they have destroyed copies of all confidential information to which they were given access without retaining any copies. After such person has read the Stipulated Protective Order, he or she shall affirm on the record or shall sign a copy of the attached Acknowledgment and Agreement to be Bound, Exhibit A. The parties agree to obtain and retain a signed copy of the Stipulated Protective Order from non-party deponents to whom "Confidential Documents" are disclosed.

8. Upon final termination of this Action, and the expiration of any applicable judicial proceeding seeking the clarification, modification or vacation of the award rendered therein, Plaintiff (or the party whose confidential, proprietary and/or private documents is subject to this protective order) may request the return or destruction of all Confidential

1  Documents and all copies thereof made by or on behalf of other parties, and the other parties
2  shall comply with such request unless otherwise ordered by the Court.
3         9.    In the event a party wishes to file "Confidential Document(s)" with the Court, if
4  that party does not obtain written permission from plaintiff's counsel (or the party whose
5  confidential, proprietary and/or private documents are the subject of this protective order), that
6  party may obtain a Court order permitting the filing of said documents. Any party seeking to
7  file under seal confidential documents must comply with Civil Local Rule 39-141 or, in the
8  alternative, seek to redact the confidential portions of the document to be filed pursuant to Civil
9  Local Rule 39-140.
10        10.   The foregoing is without prejudice to the right of any party: a) to apply to the
11  court for a further protective order relating to any confidential material or relating to discovery
12  in this litigation; b) to apply to the court for an order compelling production of documents or
13  modification of this order or for any order permitting disclosure of the Confidential Documents
14  beyond the terms of this Order.
15        11.   No party waives any right it otherwise would have to objecting to disclosing or
16  producing any information or item on any ground not addressed in this stipulated protective
17  order. Similarly, no party waives any right to object on any ground to use in evidence any of the
18  Confidential Documents covered by this stipulated protective order.
19        12.   If any party would like additional documents to be subject to this stipulated
20  protected order beyond those listed in paragraph 3 (above), that party may label the documents
21  as "confidential" at the time of production and said documents will be included within this
22  stipulated protective order unless or until any other party objects. If there is an objection, the
23  parties will meet and confer and if the objection(s) cannot be resolved, the party designating the
24  new documents as "confidential" may seek an order from the court to include said documents
25  within the terms and conditions of this protective order.
26  ///
27  ///
28  ///

4

**STIPULATED REQUEST FOR A PROTECTIVE ORDER**

**IT IS SO STUPULATED, THROUGH COUNSEL OF RECORD**

Date: July 28, 2009                                              LAW OFFICES OF JOHN F. MARTIN

                                                                 _____/S/_____
                                                                 CHRISTINE HOPKINS
                                                                 Counsel for Plaintiff

Date: July 28, 2009                                              JOHNSON SCHACHTER & LEWIS, PC

                                                                 _____/S/_____
                                                                 ALESA SCHACHTER, Attorney for
                                                                 Defendants, SONORA SCHOOL
                                                                 DISTRICT and KAREN SINCLAIR

Date: July 29, 2009                                              BORTON PETRINI

                                                                 _____/S/_____
                                                                 CORNELIUS CALLAHAN, Attorney for
                                                                 Defendants, CITY OF SONORA, HAL
                                                                 PROCK AND MACE McINTOSH

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Date: 7-31-, 2009                                                _____
                                                                 JUDGE OLIVER W. WANGER
                                                                 United States District Judge

STIPULATED REQUEST FOR A PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of _____ **C.B. A Minor v. SONORA SCHOOL DISTRICT, et al., Case No.: 1:09-CV-00285-OWW-DLB**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agreed to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____
Printed name: _____
 [printed name]

Signature: _____
 [signature]