**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| C.B., a minor, | 1:09-cv-0285 OWW DLB |
|       Plaintiff, | ORDER AFTER SCHEDULING CONFERENCE |
|   v. | |
| SONORA SCHOOL DISTRICT; KAREN SINCLAIR; CITY OF SONORA; CHIEF OF POLICE MACE MCINTOSH; OFFICER HAL PROCK; DOES 1-10, | Further Scheduling Conference Date: 12/11/09 8:15 Ctrm. 2 |
|       Defendants. | |

I.   Date of Scheduling Conference.

    October 2, 2009.

II.  Appearances Of Counsel.

    Christine Hopkins, Esq., appeared on behalf of Plaintiff.

    Alesa Schachter, Esq., and Jason M. Sherman, Esq., appeared on behalf of Defendants Sonora School District and Karen Sinclair.

    Cornelius J. Callahan, Esq., appeared on behalf of Defendants City of Sonora, Chief of Police Mace McIntosh, and Officer Hal Prock.

///

III.  Summary of Pleadings.

   1.   Plaintiff filed his initial Complaint in the Tuolumne County Superior Court on January 5, 2009, alleging nine causes of action.  Defendants removed the case to the Eastern District Court on the basis of federal question jurisdiction.  28 U.S.C. § 1441(b) (2002).

   2.   Plaintiff's Complaint alleges nine claims for relief for: (1) violation of the Unruh Civil Rights Act (against Defendant Sonora School District); (2) false imprisonment (against Defendants Chief of Police Mace McIntosh, Officer Hal Prock, City of Sonora); (3) battery (against Defendants Chief of Police Mace McIntosh, Officer Hal Prock, City of Sonora); (4) intentional infliction of emotional distress (against all Defendants); (5) violation of § 504 of the Rehabilitation Act of 1973 (against Defendant Sonora School District); (6) violation of Title II of the Americans with Disabilities Act (ADA) (against Defendant Sonora School District); (7) 42 U.S.C. § 1983 (against Defendant Karen Sinclair, sued in her individual capacity); (8) excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution (against Defendants Chief of Police Mace McIntosh and Officer Hal Prock, sued in their individual capacities; (9) 42 U.S.C. § 1983 Monell claim (against Defendant City of Sonora).

   3.   Plaintiff alleges he suffers from a mood disorder and attention deficit hyperactivity disorder. (¶10.)  Plaintiff alleges he had an Individual Education Plan ("IEP") and a section 504 plan concerning his education with the District.  (¶10.) Plaintiff alleges that his IEP and 504 plans included specific

behavioral interventions in the event that Plaintiff should "shut down" or become unresponsive to school staff. (¶11.) Plaintiff alleges that during a "shut down," the IEP and 504 plans included interventions for Plaintiff to go to "safe zones," and if all else fails, to contact Plaintiff's parents or other relatives or friends. (¶11.)

4.  Plaintiff alleges that as a result of his disabilities on September 29, 2008, Plaintiff "shut down" and became unresponsive to school staff. (¶12.) Plaintiff alleges that Defendant Sinclair threatened to call the police if Plaintiff did not follow instructions, and that Defendant Sinclair then did instruct a school receptionist to call the police. (¶13.)

5.  Plaintiff alleges that upon arrival, the police found Plaintiff sitting quietly on a bench on school grounds with his head down. (¶15.) Plaintiff alleges that the police handcuffed Plaintiff, placed him in their patrol car, drove Plaintiff to his uncle's location, and left Plaintiff in the custody of his uncle. (¶16.)

6.  Plaintiff's legal contentions are that the District discriminated against him on the basis of his disability, and the City used excessive force. The City Defendants contend that the officers' actions were objectively reasonable and that the City of Sonora's policies, if any, are reasonable and non-discriminatory. The District Defendants contend that their actions were objectively reasonable and non-discriminatory.

IV.  Mediation.

1.  The parties recognize that a mediation effort is in the best interest of all and the interest of justice. Accordingly,

3

this Scheduling Conference is continued to December 11, 2009, at 8:15 a.m.  The parties are authorized to appear telephonically.

V.   Status Report.

    1.   The parties shall, prior to the Scheduling Conference, notify the Court as to the status of their mediation efforts and whether additional time is or is not needed.

    2.   The parties shall supplement their Scheduling Conference Statement, in the event the case does not resolve, to provide the parties' positions on amendment of the pleadings and an amended schedule for ultimate judicial disposition of the case.

IT IS SO ORDERED.

Dated:   October 2, 2009                    /s/ Oliver W. Wanger
                                              UNITED STATES DISTRICT JUDGE