JOHN F. MARTIN, ESQ. (SBN 52618)
CHRISTINE HOPKINS, ESQ. (SBN 240248)
LAW OFFICES OF JOHN F. MARTIN
A Professional Corporation
3100 Oak Road, Suite 230
Post Office Box 5331
Walnut Creek, CA 94596
Telephone: (925) 937-5433
Facsimile: (925) 938-5567

Attorneys for Plaintiff,
C.B.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.B., a minor,<br><br>          Plaintiff,<br><br>v.<br><br>SONORA SCHOOL DISTRICT; KAREN SINCLAIR; CITY OF SONORA; CHIEF OF POLICE MACE MCINTOSH; OFFICER HAL PROCK; DOES 1-10<br><br>          Defendants.<br><br>_____ / | Case No. 1:09-CV-00285-OWW-DLB<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES and REQUEST FOR JURY TRIAL FOR:<br><br>(1) VIOLATION OF THE UNRUH CIVIL RIGHTS ACT;<br>(2) FALSE IMPRISONMENT;<br>(3) BATTERY;<br>(4) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>(5) VIOLATION OF SECTION 504<br>(6) VIOLATION OF THE ADA<br>(7) VIOLATION OF U.S.C. § 1983 (AGAINST SINCLAIR);<br>(8) VIOLATION OF U.S.C. § 1983 (AGAINST MCINTOSH AND PROCK)<br>(9) VIOLATION OF U.S.C. § 1983 (MONELL CLAIM AGAINST CITY OF SONORA) |

Plaintiff C.B. (hereinafter referred to as "Plaintiff") by and through his guardian ad litem, Matthew Banks, requests a jury trial and alleges as follows:

## PARTIES

1) At all times mentioned in this complaint, C.B. was minor citizen of the United States of America, who has maintained residence in the County of Tuolumne, within the State of California.

2) Defendant SONORA SCHOOL DISTRICT is a public entity located in the County of

*C.B. v. Sonora School District., et al.*
First Amended Complaint
for Damages and Demand for Jury Trial          1

Tuolumne, State of California. SONORA SCHOOL DISTRICT operates Sonora Elementary School where Plaintiff C.B. was enrolled as a 6th grade student at the time of the events alleged in this complaint.

3) Defendant KAREN SINCLAIR is an adult citizen who was employed by Defendant SONORA SCHOOL DISTRICT at all times relevant to this complaint. In performing the acts alleged in this Complaint, Defendant SINCLAIR was acting within the scope of her employment by SONORA SCHOOL DISTRICT.

4) Defendant CITY OF SONORA (hereinafter "CITY") is now, and at all times relevant to this complaint was, a local government entity located in the County of Tuolumne, State of California. CITY OF SONORA operates the City of Sonora Police Department which employed, at all time relevant to the complaint, Defendants HAL PROCK and MACE MCINTOSH.

5) Defendant Officer HAL PROCK is an adult citizen who worked as a law enforcement officer for Defendant CITY OF SONORA during all times relevant to this complaint. In performing the acts alleged in this Complaint, Defendant PROCK was acting within the scope of his employment by CITY OF SONORA.

6) Defendant Chief of Police MACE MCINTOSH is an adult citizen who worked as a law enforcement officer for Defendant CITY OF SONORA during all times relevant to this complaint. In performing the acts alleged in this Complaint, Defendant MCINTOSH was acting within the scope of his employment by CITY OF SONORA.

7) Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES ONE through TEN, inclusive, and therefore sues those defendants by such fictitious names. Plaintiff will amend his complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were legally caused by their conduct.

8) At all times mentioned in this complaint, Defendants' alleged actions against Plaintiff occurred in the City of Sonora, located in Tuolumne County, California.

/

C.B. v. Sonora School District., et al.
First Amended Complaint
for Damages and Demand for Jury Trial                 2

## FACTS COMMON TO ALL CAUSES OF ACTION

9) In the 2007-2008 school year, minor C.B. was enrolled as a 6th grade student at Sonora Elementary School in the Sonora School District.

10) C.B. suffers from disabilities, namely a mood disorder and attention deficit hyperactivity disorder, which qualify him for the protections of Title VI of the Civil Rights Act, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and California's Unruh Civil Rights Act. At all times relevant to the complaint, SONORA SCHOOL DISTRICT knew of C.B.'s disabilities and had in fact placed C.B. on an Individualized Education Plan and section 504 plan.

11) C.B.'s IEP and section 504 plans at Sonora Elementary School included specific behavioral interventions to be followed in the event that C.B. "shut down" or become unresponsive to school staff due to his mood disorder. A "shut down" meant that C.B. would simply freeze in place and not do anything. He would remain calm during "shut downs" and typically would not speak. C.B. would never make any movements that were aggressive or physically threatening in any way during a "shut down." He would typically cross his arms and keep his head down or just stand still.

12) Interventions included allowing C.B. to go to designated "safe zones," re-directing C.B. to a leadership or other task, and, if all else failed, contacting C.B.'s parents or other relatives or friends designated by C.B.'s parents. SONORA SCHOOL DISTRICT and SINCLAIR knew at all times relevant to the complaint that C.B.'s behavior of "shutting down" was and is a symptom of his disabilities.

13) On or about September 29, 2008, C.B. allegedly experienced an episodes in which he "shut down" and became unresponsive to school staff. C.B. allegedly sat down on a bench in the fenced in playground and folded his arms across his chest and lowered his head so as to not make eye contact with anyone. The staff at Sonora Elementary School failed to follow C.B.'s IEP and section 504 plan for behavioral intervention and failed to contact C.B.'s parents or designated relatives or friends to assist with C.B.

14) Due to C.B.'s disabilities and despite the plans put in place to accommodate those disabilities, KAREN SINCLAIR, a specialist employed by Sonora Elementary School, threatened C.B. that if he did not do as she instructed, she would call the police. SINCLAIR did in fact instruct a school receptionist to call the City of Sonora Police Department for intervention with an out of control juvenile.

*C.B. v. Sonora School District., et al.*
First Amended Complaint
for Damages and Demand for Jury Trial     3

15) On or about September 29, 2008, Chief of Police MACE MCINTOSH, Officer HAL PROCK, and Officer Bowly responded to Sonora Elementary School to respond to the report of the "out of control" juvenile who was allegedly causing a disturbance at the school.

16) Upon locating C.B. on the school grounds, the police officers observed Plaintiff C.B. to be an eleven year old student, who was not acting in any disruptive nor unruly manner but rather sitting quietly on a playground bench with his head down. One or more of the officers made contact with C.B. and found him to be calm and cooperative. C.B. did not act agitated in any way. None of the officers observed any conduct on the part of C.B. which gave them probable cause to take C.B. into custody nor which gave them any reason to believe that C.B. posed a threat to the safety of anyone. When Officer Hal Prock asked C.B. to stand up from the bench, C.B. complied with the Officer's instruction.

17) Despite the fact that C.B. posed no threat to anyone and despite the fact there was no probable cause to take C.B. into custody, Chief of Police MACE MCINTOSH directed Officer HAL PROCK to handcuff C.B. At the time the officers decided to handcuff the eleven year old, he was located in a fenced in playground with only one means of exit. Also, the eleven year old Plaintiff was surrounded by the officers and at least two other adults. A Sonora School District staff member who was present asked the officers if it was really necessary to handcuff an eleven year old.

18) The Chief of Police told the Sonora School District staff member that it was protocol to handcuff the eleven year old C.B. even though the Sonora Police Department's Handcuff Policy 354 clearly states "Juveniles under 14 years of age generally will not be handcuffed unless their acts have amounted to a dangerous felony or when they are of a state of mind which suggests a reasonable probability of their desire to escape, injure themselves, the officer or to destroy property." In addition, Sonora Police Department Handcuff Policy 354 clearly states that handcuffing is a discretionary procedure and that "the arresting officer should consider the circumstances leading to the arrest, the attitude of the arrested person, and the age, sex, and health of the person before handcuffing."

19) Despite the fact that the officers observed that Plaintiff was calm and cooperative and, despite the fact that Plaintiff was in an enclosed area and surrounded by at least four adults, the officers forceably handcuffed Plaintiff while he was on the playground. Officer Prock tightly handcuffed Plaintiff thereby causing his wrists to be hurt and injured. Officer Prock then left Plaintiff C.B. standing with his

*C.B. v. Sonora School District., et al.*
First Amended Complaint
for Damages and Demand for Jury Trial     4

hands handcuffed tightly behind his back on the playground while he went to pull a police car around closer to that side of the school building. Officer Prock left the eleven year old Plaintiff in handcuffs (in full view of the public) even though at least three adults including the Chief of Police remained with C.B. in the playground area.

20) Officer Hal Prock then placed the Plaintiff child, who was still tightly handcuffed, in the backseat of a City of Sonora police car. The police car was equipped with all usual safety equipment, including a grate between the front and back seats and locking back doors which could not be opened by the back seat passenger (in this case an eleven year old child).

21) Officer Hal Prock kept Plaintiff in handcuffs in the back seat of the police vehicle for a half an hour drive to Jamestown, California, where he left the child in the custody of his uncle Mark Banks. During the trip to Jamestown, Officer Hal Prock told Plaintiff C.B. he had been a police officer for eleven years and had never had to handcuff an eleven year old for doing nothing.

22) SINCLAIR and the Sonora Elementary School staff at all times had Mark Banks' contact information as well as the contact information of C.B. and other friends and relatives of C.B., yet at no time did SINCLAIR or any staff at Sonora Elementary School contact these individuals to assist with C.B. as dictated by common sense as well as C.B.'s IEP and section 504 plans. Instead, SINCLAIR and SONORA SCHOOL DISTRICT treated C.B. harshly and disproportionately, like a criminal, despite the fact he had done nothing wrong and had simply displayed symptoms of a disability which was known to Defendants.

23) Sonora Elementary School gave the City of Sonora police officers a packet of contact information for Plaintiff C.B.'s parents and Uncle, Matt Banks. At no time did the referenced City of Sonora employees have the permission of C.B. nor his parents to transport C.B or to cause C.B. to be transported by anyone other than C.B.'s parents and emergency contacts. In fact, when Officer Prock called C.B.'s Uncle, Matt Banks, the uncle informed Officer Prock that the School had an established protocol for dealing with any situations involving C.B. and that the protocol was not being followed.

24) Sonora School District and the City of Sonora Police Department, in committing the above acts, caused extreme emotional distress to PLAINTIFF including a regression in progress previously made in treating PLAINTIFF's mood disorder and ADHD. PLAINTIFF was forced to dis-enroll from

*C.B. v. Sonora School District., et al.*
First Amended Complaint
for Damages and Demand for Jury Trial                 5

Sonora Elementary School due to the trauma caused by Defendants' excessive and harsh treatment. DEFENDANTS' actions violated PLAINTIFF's civil rights.

25) PLAINTIFF filed a claim meeting the requirements of the California Tort Claims Act (Government Code sections 810-996.6) with the Sonora School District on October 29, 2008 and received a Notice of Rejection of the claim on November 24, 2008.

26) PLAINTIFF filed a claim meeting the requirements of the California Tort Claims Act (Government Code sections 810-996.6) with the City of Sonora on October 29, 2008, and did not receive a Notice of Rejection or Acceptance of the claim within 45 days of the filing of that claim, thus causing the claim to be deemed denied.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**
*(DEFENDANT SONORA SCHOOL DISTRICT)*

27) Plaintiff incorporates all preceding paragraphs of this complaint into this cause of action as if fully set forth herein.

28) California Civil Code Section 51(b) provides that "all persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Plaintiff is protected by this section against discrimination in accommodations, advantages, facilities, privileges or services on account of his disabilities.

29) California Civil Code Section 51.5(a) provides that "no business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, or refuse to buy from, contract with, sell to, or trade with any person in this state on account of any characteristic listed or defined in subdivision (b)." Plaintiff is protected by this section against discrimination in accommodations, advantages, facilities, privileges or services on account of his disabilities.

30) California Civil Code Section 54 provides that "individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways,

*C.B. v. Sonora School District., et al.*
First Amended Complaint
for Damages and Demand for Jury Trial    6

sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Plaintiff is protected by this section against denial of physical access to Sonora Elementary School because the school is a public building, facility or place, Plaintiff is disabled, and Defendant caused Plaintiff to be physically removed from the school based on his disability.

31) The provisions of the Unruh Civil Rights Act apply to the Sonora School District as a business establishment and due to the Sonora School District's violation of the Americans with Disabilities Act.

32) Defendant SONORA SCHOOL DISTRICT violated these Civil Code Sections by discriminating against Plaintiff on account of his disability and by causing Plaintiff to be forcibly removed from Sonora Elementary School on account of his disability.

33) As a result of Defendant SONORA SCHOOL DISTRICT'S violation of California Civil Code Sections 51 et seq., Plaintiff suffered severe emotional distress. Defendant SONORA SCHOOL DISTRICT's actions were a substantial factor in causing Plaintiffs' harm.

## SECOND CAUSE OF ACTION
## FALSE IMPRISONMENT
***(DEFENDANTS CHIEF OF POLICE MACE MCINTOSH, OFFICER HAL PROCK, CITY OF SONORA)***

34) Plaintiff incorporates all preceding paragraphs of this complaint into this cause of action as if fully set forth herein.

35) Without legal or probable cause, Plaintiff, an eleven-year old minor, was wrongfully restrained, confined and/or detained by Defendant OFFICER HAL PROCK as ordered by CHIEF OF POLICE MACE MCINTOSH.

*C.B. v. Sonora School District., et al.*
First Amended Complaint
for Damages and Demand for Jury Trial               7

36) Defendants, in performing the acts alleged in Paragraphs above, were acting in the scope of their employment by CITY OF SONORA, therefore Defendant CITY OF SONORA is vicariously liable for all injuries to PLAINTIFF whether caused intentionally or negligently by Defendants under the respondeat superior doctrine.

37) Defendants wrongfully, and without any probable cause, detained, confined and restrained Plaintiff, including involuntarily transporting Plaintiff while tightly handcuffed in a police vehicle during a half an hour trip to Jamestown, California.

38) Defendants intentionally deprived Plaintiff of his freedom of movement by use of unlawful and excessive force.

39) Plaintiff did not consent to Defendants' intentional deprivation of his freedom of movement.

40) Plaintiff was actually harmed by Defendants' said actions because they caused him to suffer deprivation of his liberty, fear, anxiety, humiliation and offense, and emotional distress.

41) Defendants' false imprisonment of PLAINTIFF was a substantial factor in causing PLAINTIFF's harm. As a result of Defendants' actions, PLAINTIFF suffered deprivation of his liberty, fear, anxiety, humiliation, offense, and trauma, constituting severe emotional distress.

42) The acts of Defendants, as alleged herein, were malicious and oppressive and justify the imposition of substantial exemplary damages.

### THIRD CAUSE OF ACTION
### BATTERY
### (DEFENDANTS CHIEF OF POLICE MACE MCINTOSH, OFFICER HAL PROCK, CITY OF SONORA)

C.B. v. Sonora School District., et al.
First Amended Complaint
for Damages and Demand for Jury Trial        8

43) PLAINTIFF incorporates all preceding paragraphs of this complaint into this cause of action as if fully set forth herein.

44) Defendant OFFICER HAL PROCK, as ordered by CHIEF OF POLICE MACE MCINTOSH, employed unlawful and excessive force and violence against the person of PLAINTIFF by handcuffing Plaintiff, an eleven year-old child. PLAINTIFF was handcuffed tightly and the handcuffs hurt C.B.'s wrists. Plaintiff was kept in handcuffs over a half an hour, including time Plaintiff was left standing in handcuffs on the fenced in school playground while surrounded by other adults and during the half an hour police car ride to Jamestown, California.

45) At no time did PLAINTIFF consent to the conduct of Defendants.

46) A reasonable person would be offended by the acts of Defendants as described herein and Defendants' battery on PLAINTIFF constituted excessive and unreasonable force which violated PLAINTIFF's civil rights.

47) Defendants, in performing the acts alleged in Paragraphs above, were acting in the scope of their employment by CITY OF SONORA, therefore Defendant CITY OF SONORA is vicariously liable for all injuries to PLAINTIFF whether caused intentionally or negligently by Defendants under the respondeat superior doctrine.

48) Defendants' battery of PLAINTIFF was a substantial factor in causing PLAINTIFF's harm. As a result of Defendants' actions, PLAINTIFF incurred medical expenses and suffered deprivation of his liberty, physical injury, fear, anxiety, humiliation and offense, and emotional distress.

49) The acts of Defendants, as alleged herein, were malicious and oppressive and justify the imposition of substantial exemplary damages.

/

C.B. v. Sonora School District., et al.
First Amended Complaint
for Damages and Demand for Jury Trial        9

# FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
*(All Defendants)*

50) PLAINTIFF incorporates all preceding paragraphs of this complaint into this cause of action as if fully set forth herein.

51) Defendants HAL PROCK, MACE MCINTOSH and the CITY OF SONORA, via respondeat superior liability, engaged in conduct including, but not limited to battery and false imprisonment of Plaintiff, a minor with disabilities who was susceptible to infliction of emotional distress.

52) Defendants' conduct was extreme and outrageous, and was intended to cause PLAINTIFF severe emotional distress and/or was done in conscious disregard of the possibility of causing such distress.

53) Defendants spoke to PLAINTIFF C.B. before detaining and handcuffing him and knew that C.B. was calm and cooperative and had obeyed Officer Prock's instructions to stand up from the playground bench. The officers never observed Plaintiff C.B. acting agitated in any way during their entire contact with Plaintiff C.B. Defendants knew that the Sonora Police Department's Handcuff Policy counseled against handcuffing C.B. as he was under the age of 14 and in a clam state of mind. Officer Prock admitted to C.B. in the ride to Jamestown, California that he had been a police officer for eleven years and never had to handcuff an eleven year old for doing nothing. The officers knew that how they were treating the calm and cooperative eleven year old Plaintiff C.B. was wrong and excessive.

54) Defendants KAREN SINCLAIR and SONORA SCHOOL DISTRICT, via respondeat superior liability, engaged in conduct including, but not limited to discrimination against Plaintiff

*C.B. v. Sonora School District., et al.*
First Amended Complaint
for Damages and Demand for Jury Trial          10

based on his disabilities and forcible removal of Plaintiff from Sonora Elementary School on the account of his disabilities.

55) The foregoing conduct did, in fact, cause PLAINTIFF to suffer extreme emotional distress. As a direct, proximate, and legal result of said conduct, PLAINTIFF suffered fear, anxiety, humiliation and embarrassment, trauma, and other forms of emotional distress, and in the future will continue to suffer such emotional distress, all to his damage in an amount according to proof.

56) Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intent of injuring PLAINTIFF, and in conscious disregard of PLAINTIFF's rights. As such, PLAINTIFF is entitled to an award of punitive damages in an amount according to proof, but not yet ascertained.

### FIFTH CAUSE OF ACTION
**Violation of § 504 of the Rehabilitation Act of 1973**
*(DEFENDANT SONORA SCHOOL DISTRICT)*

57) Plaintiffs incorporate by reference the foregoing paragraphs of this complaint as if set forth in full herein.

58) Plaintiff is informed and believes that, at all times material herein, defendant Sonora School District was and is a recipient of funds from the Federal Government, within the meaning of § 504 of the Rehabilitation Act of 1973 (hereinafter "Sections 504"), and, as such, is barred from discriminating against qualified individuals with a disability in the provision of free and appropriate public education.

59) At all times material herein, plaintiff C.B. was a qualified individual with a disability, within the meaning of § 504, in that he suffers from a mood disorder and Attention Deficient

*C.B. v. Sonora School District., et al.*
First Amended Complaint
for Damages and Demand for Jury Trial           11

Hyperactivity Disorder, to the extent that his major life activity of learning is substantially impaired. At all times material herein, Sonora School District regarded plaintiff C.B., Jr. as having such a disability. As such, plaintiff C.B. was and is a qualified individual with a disability under § 504.

60) Defendants and each of them, both named and unnamed, have discriminated against plaintiff C.B., on the basis of his disability, in violation of § 504 by threatening C.B. with police involvement, and by in fact causing such police intervention solely due to C.B.'s disabilities.

61) As a direct, proximate, and legal result of the conduct of defendants, and each of them, as herein above alleged, plaintiff C.B. has suffered injuries including, without limitation, extreme emotional distress caused by Defendants' discrimination against him on the basis of his disability.

## SIXTH CAUSE OF ACTION
**Violation of Title II of the Americans with Disabilities Act (ADA)**
*(Defendant SONORA SCHOOL DISTRICT)*

62) Plaintiffs incorporate by reference the foregoing paragraphs of this complaint as if set forth in full herein.

63) At all times material herein, defendant Sonora School District was and is a public entity, within the meaning of Title II of the ADA and, as such, is barred from denying students with disabilities equal opportunity to benefit from public education.

64) At all times material herein, plaintiff C.B. was and is a student with a disability, within the meaning of the ADA, in that he suffers from a disability, mood disorder and Attention Deficient Hyperactivity Disorder, which significantly impairs his major life activity of learning, had a record of such disability, and was regarded as having such a disability by the Sonora School District. As such, plaintiff C.B. was entitled to be free from discrimination based on his disability in receipt of his public

*C.B. v. Sonora School District., et al.*
First Amended Complaint
for Damages and Demand for Jury Trial          12

education and was entitled to benefit from reasonable modifications in policies that otherwise deny equal opportunities to qualified students with disabilities.

65) Defendants and each of them, both named and unnamed, have discriminated against plaintiff C.B., on the basis of his disability, in violation of § 504 by threatening C.B. with police involvement, and by in fact causing such police intervention solely due to C.B.'s disabilities.

66) As a direct, proximate, and legal result of the conduct of defendants, and each of them, as herein above alleged, plaintiff C.B. has suffered injuries including, without limitation, extreme emotional distress caused by Defendants' discrimination against him on the basis of his disability.

## SEVENTH CAUSE OF ACTION
## 42 U.S.C. § 1983
### *(Defendant KAREN SINCLAIR, Sued in Her Individual Capacity)*

67) Plaintiffs incorporate by reference the foregoing paragraphs of this complaint as if set forth in full herein.

68) The actions of the individual Defendant KAREN SINCLAIR violated Plaintiff's rights protected by section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act. These actions include threatening Plaintiff due to his disability and causing Plaintiff to face harsh and unreasonable discipline and forcible removal from school by the police on account of his disability.

69) As a direct, proximate, and legal result of the conduct of defendant SINCLAIR, and each of them, as herein above alleged, plaintiff C.B. suffered injuries including, without limitation, extreme emotional distress caused by Defendants' discrimination against them on the basis of C.B.'s disability.

/

*C.B. v. Sonora School District., et al.*
First Amended Complaint
for Damages and Demand for Jury Trial          13

# EIGHT CAUSE OF ACTION
## EXCESSIVE FORCE IN VIOLATION OF U.S.C. § 1983 AND THE UNITED STATES CONSTITUTION
### *(DEFENDANTS CHIEF OF POLICE MACE MCINTOSH, OFFICER HAL PROCK SUED IN THEIR INDIVIDUAL CAPACITY)*

70) Plaintiff incorporates all preceding paragraphs of this complaint into this cause of action as if fully set forth herein.

71) Defendants' wrongful actions against Plaintiff were done under color of state law, and deprived Plaintiff of the rights, privileges, and immunities guaranteed to him under federal statute and the United States Constitution. These rights include, but are not limited to, Plaintiff's right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution. Defendant CHIEF OF POLICE MACE MCINTOSH and OFFICER HAL PROCK subjected Plaintiff to unreasonable seizure of his person without reasonable or probable cause.

72) Defendants wrongfully caused Plaintiff to be restrained, arrested, confined and/or detained, which amounted to a seizure of Plaintiff's person.

73) Defendants intentionally effected this seizure of Plaintiff by use of unlawful and excessive force against him, a minor child at the time.

74) Plaintiff did not consent to Defendants' seizure of his person nor to the physical force used upon him.

75) The force used by Defendant officers against Plaintiff was not objectively reasonable under the circumstances.

76) Plaintiff was actually harmed by Defendants' said actions because they caused him to suffer fear, anxiety, humiliation and offense, constituting severe emotional distress. Plaintiff's wrists also hurt as a result of the tight handcuffing, which lasted over half an hour. Defendants' knew that

*C.B. v. Sonora School District., et al.*
First Amended Complaint
for Damages and Demand for Jury Trial          14

Plaintiff was susceptible to such distress as he was an eleven year-old child at the time of Defendants' actions.

77) Defendants' seizure of and use of excessive force on PLAINTIFF was a substantial factor in causing PLAINTIFF's harm. As a result of Defendants' actions, PLAINTIFF suffered deprivation of his liberty, fear, anxiety, humiliation, trauma and offense, constituting severe emotional distress.

78) The acts of Defendants, as alleged herein, were malicious and oppressive and justify the imposition of substantial exemplary damages.

## NINTH CAUSE OF ACTION
### Section 1983 *MONELL* CLAIM AGAINST CITY OF SONORA
### *(DEFENDANT CITY OF SONORA)*

79) Plaintiff incorporates all preceding paragraphs of this complaint into this cause of action as if fully set forth herein.

80) Defendant CITY OF SONORA, through and by its police department, maintained a practice which resulted in the section 1983 excessive force damages alleged above in cause of action eight against CHIEF OF POLICE MACE MCINTOSH and OFFICER HAL PROCK.

81) Despite the fact the Sonora Police Department written Handcuffing Policy 354 counsels against handcuffing children who are under the age of 14, the CITY OF SONORA Police Department maintained a practice of violating this written policy and handcuffing all persons detained, whether or not arrested for any crime, regardless of their age and regardless of the circumstances. CHIEF OF POLICE MACE MCINTOSH was one city official responsible for

*C.B. v. Sonora School District., et al.*
First Amended Complaint
for Damages and Demand for Jury Trial        15

maintaining this practice and so recited the above practice when explaining to SONORA SCHOOL DISTRICT personnel why C.B. must be handcuffed.

82) Defendant CITY OF SONORA exhibited deliberate indifference to the constitutional rights of minors in maintaining such a practice, which was contrary to their written policy. Defendant CITY OF SONORA knew or should have known that maintaining such a practice was in violation of well-established constitutional rights of minors to be treated with special care by police officers. The City's policy, practice, rule or regulation did directly result in the violation of Plaintiff's constitutional rights.

83) The acts of Defendants, as alleged herein, were malicious and oppressive and justify the imposition of damages against the CITY OF SONORA under *Monell* as well as the imposition of substantial exemplary damages against the CITY OF SONORA.

WHEREFORE, PLAINTIFF requests judgment against Defendants as follows:

1) For compensatory damages.

2) For incidental damages, in an amount according to proof.

3) For general and special damages, in an amount according to proof

4) For punitive and/or exemplary damages, in an amount according to proof.

5) For civil penalties as provided for by the Unruh Civil Rights Act and other applicable statutes.

6) For attorneys fees as provided for by the Unruh Civil Rights Act, the Civil Rights Attorneys Fees Act and other applicable statutes.

7) For costs of suit;

*C.B. v. Sonora School District., et al.*
First Amended Complaint
for Damages and Demand for Jury Trial                16

8) For any other relief as the Court deems just and proper.

DATED: December 18, 2009

LAW OFFICES OF JOHN F. MARTIN
A Professional Corporation

By: _____/s/_____

CHRISTINE HOPKINS, ESQ.
Attorneys for Plaintiff

C.B. v. Sonora School District., et al.
First Amended Complaint for Damages and Demand for Jury Trial

17