UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.B., a minor,<br><br>        Plaintiff,<br><br>vs.<br><br>SONORA SCHOOL DISTRICT;<br>KAREN SINCLAIR; CITY OF<br>SONORA; CHIEF OF POLICE<br>MACE MCINTOSH; OFFICER<br>HAL PROCK, et al.,<br><br>        Defendants.<br>_____/ | 1:09-cv-00285-OWW-SMS<br><br>**FINDINGS AND RECOMMENDATIONS RE: PETITION FOR APPROVAL OF MINOR'S COMPROMISE WITH SONORA SCHOOL DISTRICT**<br><br>(Doc. 48) |

    Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 302 and 303.

    Pending before the Court is the petition of Matthew Banks, the father and guardian ad litem for the minor Plaintiff, C.B., for approval of the compromise of the minor's claim, which came on regularly for hearing on January 22, 2010 at 9:30 a.m. in Courtroom No. 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge. The guardian, as the person compromising the claim on behalf of the minor, attended the

hearing.  Christine Hopkins, Esq., of the Law Offices of John F. Martin appeared as counsel on behalf of Petitioner.  Jason Sherman, Esq., of Johnson, Schacter & Lewis appeared on behalf of Defendants, Sonora School District and Karen Sinclair.[1]

The Court has reviewed the relevant portions of the file and the petition for compromise which, pursuant to Local Rule 202(b)(2), should include the age and gender of the minor or incompetent; the nature of the claims to be settled or compromised; the facts and circumstances out of which the claims arose, including the time, place, and persons involved; the manner in which the compromise amount or other consideration was determined; and, additional information as required to enable the Court to determine the fairness of the settlement, such as the nature, extent, and permanence of the injury in a personal injury case, all of which the petition adequately sets forth.

Further, the Court has considered the minor's counsel's disclosure of interest and the terms of counsel's compensation, which have been disclosed as required by Local Rule 202(c).

At the hearing, the guardian was sworn and questioned by counsel and by the Court to ensure that the guardian understood each and every term of the settlement agreement, was satisfied that the settlement was fair to the child, and that the settlement was being entered without any reservations whatsoever.  The guardian was also questioned concerning his understanding concerning the balance of $12,437.84, sought to be deposited in

---

[1] This settlement of claims relates to Defendants, Sonora School District and Karen Sinclair only.  This lawsuit proceeds as to Defendants, Chief of Police Mace McIntosh and Officer Hal Prock.

2

an insured account subject to Petitioner's withdrawal for the use and benefit of the minor C.B. until February 8, 2015, at which time C.B. shall reach the age of eighteen (18) years, and the balance shall become his property. Petitioner confirmed that the plan is to reimburse Amy and Matthew Banks $1,562.16 for litigation costs advanced on behalf of their son; $1,000.00 advanced for medical expenses; and, $5,000.00 advanced for attorneys fees, which represents 25% of the total settlement and less than one third of the total amount of fees paid to the Law Offices of John F. Martin; and, $12,437.84 to be deposited in an FDIC insured blocked account on behalf of their son, not to be withdrawn without a court order or until February 8, 2015, when he reaches the age of majority.

The minor was not present in court as he is developmentally disabled, and the guardian explained that the experience of coming to court would have been too traumatic.

A district court has the power to make such orders as it deems proper for the protection of an infant or incompetent. Fed. R. Civ. P. 17(c). A claim by or against a minor or incompetent may not be settled or compromised without a court order by the assigned judge who approves the settlement or compromise. Local Rule 202. Federal Courts generally require that claims by minors and incompetents be settled in accordance with applicable state law. William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, <u>California Practice Guide: Federal Civil Procedure Before Trial</u> § 15:138 (2009).

//

/

3

In California, court approval is required before a settlement or compromise of the claim of a minor or incompetent is enforceable. Cal. Prob. Code §§ 2504, 3500, 3600-12; Cal. Code Civ. Proc. § 372; see also Robert I. Weil & Ira A. Brown, Jr., California Practice Guide: Civil Procedure Before Trial § 12.572 (2009). A petition for approval of a compromise or covenant not to sue under Cal. Code Civ. Proc. § 372 must comply with Cal. Rules of Court, Rules 7.950, 7.951, and 7.952. Cal. Rules of Court, Rule 3.1384(a).

Cal. Rules of Court, Rule 7.950 generally requires that the petition disclose all information that has any bearing upon the reasonableness of the compromise or covenant, and that the petition be verified by the Petitioner. Here, Petitioner has verified the petition.

The Court has reviewed the petition and finds that it contains all the information required by Cal. Rules of Court, Rule 7.950 concerning the minor, the circumstances of the action and the settlement, the amounts of the settlement and the plan for distribution thereof, and Petitioner's status with respect to the action.[2]

The Court has reviewed the petition and finds that it contains all the information required by Cal. Rules of Court, Rule 7.951 concerning counsel for Petitioner and the terms of any agreement between Petitioner and the attorney. Further, the

---

[2] If the minor or incompetent is represented by an appointed representative pursuant to appropriate state law, the settlement shall first be approved by the state court having jurisdiction over the personal representative unless the action is one in which the United States courts have exclusive jurisdiction. Local Rule 17-202 (b)(1). Here, there is no indication that the minor is represented by an appointed representative pursuant to appropriate state law.

4

guardian was questioned concerning the fees and costs, and he expressly confirmed his approval of the fees and costs without reservation.

Defendants, Sonora School District and Karen Sinclair, have offered Plaintiff C.B. $20,000.00 in consideration of a full and final release and discharge of and from all claims of Plaintiff arising from the incidents in question and against these defendants. Considering all the circumstances, the Court concludes that this sum is reasonable, fair, and in the best interests of the minor.

In California, attorney's fees, reasonable expenses, and court costs to be paid out of settlement proceeds must be approved by the court. Cal. Fam. Code § 6602; Cal. Prob. Code § 3601. The court generally employs a reasonable fee standard, and may approve and allow fees under a contingency fee agreement made in accordance with law, provided that the amount of fees is reasonable under all the facts and circumstances. Cal. Rules of Court, Rule 7.955.

Here, the amount of attorney's fees sought is 25% plus costs. Twenty-five percent of the full settlement amount is $5,000.00. The costs of $1,562.16 appear in the petition (Doc. 48). Total fees and expenses amount to $6,562.16. Based on the itemization and the guardian's testimony, the provision for costs is reasonable and fair.

When money or property is recovered on behalf of a minor or incompetent, the money or property will be (1) disbursed to the representative pursuant to state law upon a showing that he is the duly qualified representative under state law, (2) disbursed

5

otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor or incompetent. Local Rule 202(e). In California, settlement proceeds not exceeding $5,000.00 may be ordered to be paid to the custodial parent to be held in trust until the minor reaches the age of majority. Cal. Prob. Code §§ 3611(e), 3401. Settlements of less than $20,000.00 may be ordered held on conditions as the court determines in its discretion to be in the best interest of the minor or incompetent. Cal. Prob. Code § 3611(d). In all other circumstances, the proceeds must be paid to the guardian or conservator of the estate or be deposited in a banking institution with withdrawals to be approved by the court. Cal. Prob. Code §§ 3611, 3413.

Accordingly, the Court will direct that $12,437.84 be placed in a blocked account at Mother Lode Bank, 13769-C Mono Way, Sonora, CA, 95370, until the minor's eighteenth birthday.

All applications for orders authorizing interim disbursements shall be heard by the appropriate state court judge or by the assigned Magistrate Judge. If a state court hearing is held regarding interim disbursements, a copy of the order shall be filed with this court, and a copy provided to the Magistrate Judge, and shall be reviewed by the Magistrate Judge in accordance with Local Rule 202(b)(1). Local Rule 202(f).

After the money or other property is paid or delivered to a settling parent, the parent may execute a full release and satisfaction or a covenant not to sue or enforce judgment. Cal. Probate Code § 3500.

//

Recommendations

Because the Court finds the settlement to be reasonable, fair to the parties, and in the best interests of the minor, the following is recommended:

1. The terms of the settlement as stated above, including costs and attorney's fees, be APPROVED by the district judge assigned to the action.

2. Defendants, Sonora School District and Karen Sinclair, and the insurer, pay the sum of $20,000.00 ("settlement money") on behalf of Defendants in consideration of a full and final release and discharge of and from all claims, charges, and demands of Plaintiff, C.B., arising from this action, thereby authorizing Petitioner to execute and deliver to Defendants a full, complete, and final release and discharge of and from any and all claims and demands of himself and Plaintiff, C.B., by reason of the incident described herein and resulting injuries, upon receipt of the settlement money.

3. From the settlement money, the sum of $6,562.16 shall immediately be reimbursed directly to Amy and Matthew Banks for fees and costs advanced in connection with the prosecution of this action.

4. From the settlement money, the sum of $1,000.00 shall immediately be reimbursed directly to Amy and Matthew Banks for medical treatment and services rendered to their son.

5. The remaining balance of the settlement money, amounting to $12,437.84, be placed in an insured, blocked account in the name of Matthew Banks, the father, and C.B., the minor son, at Mother Lode Bank, 13769-C Mono Way, Sonora, CA, 95370,

until the minor's eighteenth birthday, which shall occur on February 8, 2015, at which time the remaining balance in the account shall become the property of C.B.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) court days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: February 24, 2010**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE