**JOHN F. MARTIN, ESQ. (SBN 52618)**
**CHRISTINE HOPKINS, ESQ. (SBN 240248)**
**LAW OFFICES OF JOHN F. MARTIN**
A Professional Corporation
3100 Oak Road, Suite 230
Post Office Box 5331
Walnut Creek, CA  94596
Telephone:  (925) 937-5433
Facsimile:   (925) 938-5567

Attorneys for Plaintiff,
C.B.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.B., a minor,<br><br>           Plaintiff,<br><br>v.<br><br>CITY OF SONORA; CHIEF OF POLICE MACE MCINTOSH; OFFICER HAL PROCK<br><br>           Defendants. | Case No. 1:09-CV-00285-OWW-SMS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE**<br><br>Date:          5/12/11<br>Time:          12:00 a.m.<br>Courtroom:  3<br>Hon.:            Oliver W. Wanger<br><br>Action filed:  2/13/09<br>Trial Date:    07/06/11 |

Plaintiff's Motion in Limine was heard by this Court on May 12, 2011, the Honorable Oliver W. Wanger presiding.

The Court, having read the supporting and opposing papers, and having heard oral arguments at the hearing, and good cause appearing, orders as follows:

**IT IS HEREBY ORDERED that:**

Order on Plaintiff's Motion in Limine
Case No. 1:09-CV-00285-OWW-SMS

PDF created with pdfFactory trial version www.pdffactory.com

1. Evidence of prior conduct of the Plaintiff, namely the 2006 incident at Sonora Elementary School, is impermissible character evidence to the extent it is offered for the purpose of establishing Plaintiff's conduct or state of mind on September 29, 2008. Defendants are prohibited from introducing arguments to that effect at trial.

2. Evidence of prior conduct of the Plaintiff, namely the 2006 incident at Sonora Elementary School, will be admissible, over Plaintiff's objections thereto, if and only if the Plaintiff puts into issue of the state of mind of Karen Sinclair in deciding to call the police department. Karen Sinclair will be limited to testifying that Plaintiff told her in 2006 that he wanted to run into traffic. The parties agree that if this testimony is given, a limiting instruction will issue to the jury instructing them that they may only consider the testimony for purposes of weighing whether Karen Sinclair had a good faith reason to call the police department and that the law prohibits them from considering the testimony for the purposes of determining whether the police officers had reasonable suspicion or probable cause to detain Plaintiff.

3. The parties are prohibited from using the words "suicide" or "suicidal" in reference to the 2006 incident or Plaintiff's conduct or state of mind on September 29, 2008 and shall not solicit such testimony from any witnesses at trial.

IT IS SO ORDERED.

Date: June 14, 2011        /s/ OLIVER W. WANGER

United States District Court Judge