UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| CONNOR BANKS, a minor, | ) | 1:09-cv-0285 OWW SMS |
| | ) | |
| Plaintiff, | ) | JURY INSTRUCTIONS |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF SONORA; CHIEF OF POLICE | ) | |
| MACE McINTOSH; OFFICER HAL | ) | |
| PROCK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |


     The following jury instructions were read to the jury in
open court.

DATED:  September 2, 2011.

                              VICTORIA MINOR/CLERK


                              By____/s/ Wendy Kusamura_____
                                   Wendy Kusamura
                                   Deputy Clerk

1

1

**JURY INSTRUCTION NO. 1.**

2

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

3

4      Members of the Jury:  Now that you have heard all of the

5  evidence, it is my duty to instruct you as to the law of the

6  case.  If you wish to have a copy of these instructions to aid

7  you in the jury room when you deliberate, please make a request.

8      You must not infer from these instructions or from anything

9  I may say or do as indicating that I have an opinion regarding

10 the evidence or what your verdict should be.

11     It is your duty to find the facts from all the evidence in

12 the case.  To those facts you will apply the law as I give it to

13 you.  You must follow the law as I give it to you whether you

14 agree with it or not.  And you must not be influenced by any

15 personal likes or dislikes, opinions, prejudices, or sympathy.

16 That means that you must decide the case solely on the evidence

17 before you.  You will recall that you took an oath to do so.

18     In following my instructions, you must follow all of them

19 and not single out some and ignore others; they are all

20 important.

21

22

23

24

25

26

27

28

2

1

**JURY INSTRUCTION NO. 2.**

2

**<u>TWO OR MORE PARTIES - DIFFERENT LEGAL RIGHTS</u>**

3

4        You should decide the case as to each defendant separately.

5   Unless otherwise stated, the instructions apply to all parties.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 3.**

**CITY ENTITLED TO FAIR TREATMENT**

The City of Sonora is a person in the eyes of the law and entitled to the same fair and impartial treatment that you give to an individual.  You must decide this case with the same fairness that you would use if you were deciding the case between individuals.

4

**JURY INSTRUCTION NO. 4.**

**WHAT IS EVIDENCE**


The evidence you are to consider in deciding what the facts are consists of:

    1.   the sworn testimony of any witness;

    2.   the exhibits which are received into evidence; and

    3.   any facts to which the lawyers have agreed.

JURY INSTRUCTION NO. 5.

<u>WHAT IS NOT EVIDENCE</u>

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)   Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)   Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

6

1

**JURY INSTRUCTION NO. 6.**

2

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3

4        Evidence may be direct or circumstantial.  Direct evidence

5   is direct proof of a fact, such as testimony by a witness about

6   what that witness personally saw or heard or did.

7        Circumstantial evidence is proof of one or more facts from

8   which you could find another fact.  You should consider both

9   kinds of evidence.  The law makes no distinction between the

10  weight to be given to either direct or circumstantial evidence.

11  It is for you to decide how much weight to give to any evidence.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                          JURY INSTRUCTION NO. 7.

2                          CREDIBILITY OF WITNESSES

3

4        In deciding the facts in this case, you may have to decide

5   which testimony to believe and which testimony not to believe.

6   You may believe everything a witness says, or part of it, or none

7   of it.   Proof of a fact does not necessarily depend on the number

8   of witnesses who testify about it.

9        In considering the testimony of any witness, you may take

10  into account:

11       (1)    the opportunity and ability of the witness to see or

12  hear or know the things testified to;

13       (2)    the witness's memory;

14       (3)    the witness's manner while testifying;

15       (4)    the witness's interest in the outcome of the case and

16  any bias or prejudice;

17       (5)    whether other evidence contradicted the witness's

18  testimony;

19       (6)    the reasonableness of the witness's testimony in light

20  of all the evidence; and

21       (7)    any other factors that bear on believability.

22       The weight of the evidence as to a fact does not necessarily

23  depend on the number of witnesses who testify about it.

24

25

26

27

28

                                   8

**JURY INSTRUCTION NO. 8.**

**<u>EXPERT OPINION</u>**


Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

**JURY INSTRUCTION NO. 9.**

2

**SECTION 1983 CLAIM AGAINST DEFENDANT IN**

3

**INDIVIDUAL CAPACITY - ELEMENTS AND BURDEN OF PROOF**

4

5      Plaintiff Connor Banks brings his claim for violation of his

6 rights under the Fourth Amendment to the U.S. Constitution to be

7 free from unlawful seizure of his person and not have excessive

8 force used against him by defendants City of Sonora, Mace

9 McIntosh and Hal Prock.

10      In order to prevail in his section 1983 claims against the

11 defendants Hal Prock and/or Mace McIntosh, the plaintiff must

12 prove each of the following elements by a preponderance of the

13 evidence:

14      1.    the defendants acted under color of law.  This element

15 is established; and

16      2.    the acts of the defendants deprived the plaintiff of

17 his Fourth Amendment rights under the United States Constitution

18 as explained in these instructions; and

19      3.    the acts of defendants that deprived plaintiff of his

20 Fourth Amendment rights caused harm or damage to plaintiff.

21      The parties have stipulated that the defendants Hal Prock

22 and Mace McIntosh acted under color of law.

23

24

25

26

27

28

10

1

**JURY INSTRUCTION NO. 10.**

2

**SECTION 1983 CLAIM AGAINST SUPERVISORY DEFENDANT**

3

**IN INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOF**

4

5        To prevail on his section 1983 claim against defendant, Mace

6   McIntosh, plaintiff, Connor Banks, must prove each of the

7   following elements by a preponderance of the evidence:

8        1.   Mace McIntosh acted under color of law.  This element

9   is established;

10       2.   the acts of Mace McIntosh's subordinate Hal Prock

11  deprived the plaintiff of his Fourth Amendment rights under the

12  United States Constitution; and

13       3.   Mace McIntosh directed his subordinate, Hal Prock, in

14  the acts that deprived the plaintiff of these rights.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

JURY INSTRUCTION NO. 11.

2

SECTION 1983 CLAIM AGAINST

3

CITY OF SONORA BASED ON OFFICIAL POLICY,

4

PRACTICE, OR CUSTOM – ELEMENTS AND BURDEN OF PROOF

5

6     To prevail on his section 1983 claim against defendant City

7   of Sonora for liability based on an official policy, practice, or

8   custom, plaintiff, Connor Banks, must prove each of the following

9   elements by a preponderance of the evidence:

10        1.    Defendants, Mace McIntosh and/or Hal Prock acted under

11  color of law.  This element is established;

12        2.    The acts of Mace McIntosh and/or Hal Prock deprived the

13  plaintiff of his Fourth Amendment rights under the United States

14  Constitution; and

15        3.    Defendants Mace McIntosh and/or Hal Prock acted

16  pursuant to an expressly adopted official policy or a long

17  standing practice or custom of the City of Sonora.

18        "Official policy" means a rule or regulation promulgated,

19  adopted, or maintained by the defendant City of Sonora.

20        "Practice or custom" means any permanent, widespread, well-

21  settled practice or custom that constitutes a standard operating

22  procedure of the defendant City of Sonora.

23

24

25

26

27

28

12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 12.**

**SECTION 1983 CLAIM AGAINST**

**CITY OF SONORA BASED ON ACT OF FINAL**

**POLICYMAKER – ELEMENTS AND BURDEN OF PROOF**

To prevail on his section 1983 claim against defendant the City of Sonora, alleging liability based on the act of a final policymaker, the plaintiff, Connor Banks, must prove each of the following elements by a preponderance of the evidence:

1.   Mace McIntosh acted under color of law.  This element is established;

2.   The acts of Mace McIntosh deprived the plaintiff of his Fourth Amendment rights under the United States Constitution;

3.   Mace McIntosh had final policymaking authority from defendant City of Sonora concerning these act[s]; and

4.   When Mace McIntosh engaged in these acts, he was acting as a final policymaker for defendant, the City of Sonora.

JURY INSTRUCTION NO. 13.

**FOURTH AMENDMENT - EXCESSIVE FORCE**

In taking a juvenile into temporary custody, such a seizure is unreasonable if a police officer uses excessive force.  To prove an unreasonable seizure in this case by means of excessive force, plaintiff must prove by a preponderance of the evidence that the officer(s) used excessive force when they took him into custody.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. An officer need not use the least intrusive means in taking a minor into custody.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

1.   The severity of the crime or other circumstances to which the officers were responding;

2.   Whether the plaintiff posed an immediate threat to the safety of the officers or to others;

3.   Whether plaintiff was actively resisting or attempting to evade by flight;

4.   The amount of time and any changing circumstances during which the officers had to determine the type and amount of force that appeared to be necessary;

14

5.   The type and amount of force actually used;

6.   The availability of alternative methods to take the plaintiff into custody;

7.   The nature of the plaintiff himself.

1

**JURY INSTRUCTION NO. 14.**

2

**FOURTH AMENDMENT - TAKING INTO CUSTODY - PROBABLE CAUSE**

3

4      Plaintiff Connor Banks claims that his Fourth Amendment

5  rights were violated when the officers took him into temporary

6  custody and off the school grounds.

7      The seizure of a person without an arrest warrant is

8  reasonable if the officers taking the person into custody had

9  probable cause to believe that the person was subject to

10 temporary custody without a warrant.

11      Probable cause exists when, under all the circumstances

12 known to the officers at the time, an objectively reasonable

13 police officer would conclude there is a fair probability that

14 the plaintiff was subject to temporary custody without a warrant.

15 Whether the defendant officers had probable cause to conclude

16 that plaintiff was a juvenile who was subject to temporary

17 custody under the Welfare & Institutions Code, as that law is

18 described in these instructions, should be determined by you

19 under the totality of the circumstances.

20

21

22

23

24

25

26

27

28

16

JURY INSTRUCTION NO. 15.

**TEMPORARY CUSTODY - SEIZURE**

To establish his Fourth Amendment claim for wrongful temporary custody, plaintiff must prove by a preponderance of the evidence that:

1.   Defendants acted under color of state law;

2.   Defendants wrongfully took plaintiff into temporary custody without probable cause; and

3.   Defendants' wrongful taking of plaintiff into temporary custody was a cause of harm or damage to plaintiff.

A seizure of a student on school grounds is reasonable if, under all the circumstances known to the officer at the scene:

1)  There is reasonable suspicion to justify the initial seizure;

2) There is reasonable suspicion to justify an ongoing seizure;

3)  The seizure is not excessive in its length;

4)  The seizure is not excessive in the restrictions placed on plaintiff.

In considering whether there was probable cause to justify an initial and/or ongoing seizure, you should determine whether the officers had reasonable cause to believe the plaintiff was a juvenile subject to temporary custody under the Welfare and Institutions Code.  The California Welfare & Institutions Code authorizes a law enforcement officer to take into temporary custody, a juvenile who:

1.   Habitually or persistently refuses to obey the

17

reasonable and proper orders or directives of his parents; or

    2.    Is beyond the control of his parents or guardians.

    Beyond the control means that a child engaged in conduct sufficiently serious that his parent or guardian was unable to obtain the minor's compliance with reasonable direction or commands.

    In considering if the seizure was excessive in length or excessive in the restrictions placed on plaintiff, you should weigh the type of any infraction committed by plaintiff and the nature of plaintiff and his conduct.

1          **JURY INSTRUCTION NO. 16.**

2      **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS -**

3              **ESSENTIAL FACTUAL ELEMENTS**

4

5          Plaintiff Conner Banks claims that the conduct of Mace

6  McIntosh and/or Hal Prock caused him to suffer severe emotional

7  distress.  To establish this claim, Conner Banks must prove all

8  of the following by a preponderance of the evidence:

9          1.   That the conduct of Mace McIntosh and/or Hal Prock was

10 outrageous;

11         2.   That Mace McIntosh and/or Hal Prock intended to cause

12 Conner Banks emotional distress;

13         or

14         3.   That Mace McIntosh and/or Hal Prock acted with reckless

15 disregard of the probability that Conner Banks would suffer

16 emotional distress;

17         4.   That Conner Banks suffered severe emotional distress;

18 and

19         5.   That conduct of Mace McIntosh and/or Hal Prock was a

20 substantial factor in causing Conner Bank's severe emotional

21 distress.

22

23

24

25

26

27

28

                                   19

1

**JURY INSTRUCTION NO. 17.**

2

**INTENTIONAL INFLICTION OF EMOTIONAL**

3

**DISTRESS – "OUTRAGEOUS CONDUCT" DEFINED**

4

5       "Outrageous conduct" is conduct so extreme that it goes

6  beyond all possible bounds of decency.  Conduct is outrageous if

7  a reasonable person would regard the conduct as intolerable in a

8  civilized community.  Outrageous conduct does not include

9  trivialities such as indignities, annoyances, hurt feelings, or

10  bad manners that a reasonable person is expected to endure.

11       In deciding whether the conduct of Mace McIntosh and/or Hal

12  Prock was outrageous, you may consider, among other factors, the

13  following:

14       (a)   Whether Mace McIntosh and/or Hal Prock abused a

15  position of authority or a relationship that gave them real or

16  apparent power to affect Conner Banks' interests;

17       (b)   Whether Mace McIntosh and/or Hal Prock knew that

18  Conner Banks was particularly vulnerable to emotional distress;

19  and

20       (c)   Whether Mace McIntosh and/or Hal Prock knew that their

21  conduct would likely result in harm due to mental distress.

22

23

24

25

26

27

28

1

**JURY INSTRUCTION NO. 18.**

2

<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS –</u>

3

<u>"RECKLESS DISREGARD" DEFINED</u>

4

5

**Mace McIntosh and/or Hal Prock acted with reckless disregard**

6

**in causing Conner Banks' emotional distress if:**

7

**1.    Mace McIntosh and/or Hal Prock knew that emotional**

8

**distress would probably result from their conduct; or**

9

**2.    Mace McIntosh and/or Hal Prock gave little or no**

10

**thought to the probable effects of their conduct.**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **JURY INSTRUCTION NO. 19.**

2    **INTENTIONAL INFLICTION OF EMOTIONAL**

3    **DISTRESS – "SEVERE EMOTIONAL DISTRESS" DEFINED**

4

5        **Emotional distress includes suffering, anguish, fright,**

6    **horror, nervousness, grief, anxiety, worry, shock, humiliation,**

7    **and shame.**

8        **"Severe emotional distress" is not mild or brief; it must be**

9    **so substantial or so long lasting that no reasonable person in a**

10   **civilized society should be expected to bear it.  Conner Banks is**

11   **not required to prove physical injury to recover damages for**

12   **severe emotional distress.**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JURY INSTRUCTION NO. 20.**

2

**AFFIRMATIVE DEFENSE TO THE INTENTIONAL**

3

**INFLICTION OF EMOTIONAL DISTRESS CLAIM – PRIVILEGE**

4

5      Defendants Mace McIntosh and Hal Prock claim they are not

6   responsible for Connor Banks' harm, if any, because their conduct

7   was privileged.  To establish this affirmative defense, Mace

8   McIntosh and Hal Prock must prove all of the following by a

9   preponderance of the evidence:

10      1.   That Mace McIntosh and Hal Prock were exercising a

11   legal right to take plaintiff into temporary custody under the

12   California Welfare & Institutions Code;

13      2.   That defendants Mace McIntosh and Hal Prock were

14   exercising their legal right to use reasonable force to

15   effectuate that custody;

16      3.   That defendants Mace McIntosh and Hal Prock had a good

17   faith belief that:

18          a.   they had a legal right to take plaintiff into

19   temporary custody, and

20          b.   the amount of force used to effectuate and to

21   continue that custody was reasonable.

22

23

24

25

26

27

28

23

1

2

3

**JURY INSTRUCTION NO. 21.**

**FALSE ARREST**

4     Plaintiff Connor Banks claims under State law that he was

5 wrongfully taken into temporary custody by Mace McIntosh and/or

6 Hal Prock.  To establish this claim, Connor Banks must prove all

7 of the following:

8     1.    That Mace McIntosh and/or Hal Prock took Connor Banks

9 into temporary custody without a warrant.  This element is

10 established; and

11    2.    That plaintiff Connor Banks was actually harmed; and

12    3.    That Mace McIntosh's and/or Hal Prock's conduct was a

13 cause of harm or damage to Connor Banks.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO. 22.

**AFFIRMATIVE DEFENSE - PROBABLE**

**CAUSE TO TAKE INTO TEMPORARY CUSTODY**

Defendants Mace McIntosh and Hal Prock claim the affirmative defense that taking plaintiff Connor Banks into temporary custody was not wrongful because they had the authority to take Connor Banks into temporary custody without a warrant.

To establish this defense, Mace McIntosh and/or Hal Prock must prove that they had probable cause to believe that plaintiff was a juvenile who could be taken into temporary custody under the California Welfare & Institutions Code.

In determining whether either defendant had a probable cause to believe that Connor Banks was a juvenile subject to temporary custody under the California Welfare & Institutions Code, you should consider the following:  under California State law, the Welfare & Institutions Code authorizes a law enforcement officer to take into temporary custody a juvenile who:

1.    Habitually or persistently refuses to obey the reasonable and proper orders or directions of his parents or guardians; or

2.    Is beyond the control of his parents or guardian.

Beyond the control means that a child engaged in conduct sufficiently serious that his parent or guardian was unable to obtain the minor's compliance with reasonable direction or commands.

25

1          **JURY INSTRUCTION NO. 23.**

2                  **<u>CAUSATION</u>**

3

4      Causation as used in these instructions means acts or

5  omissions that were a substantial, not trivial, factor in

6  bringing about harm or damage to plaintiff.  There may be more

7  than one cause of harm or damage.

JURY INSTRUCTION NO. 24.

**DAMAGES - PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's claim, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by a defendant.  You should consider the following:

1.    The nature and extent of the injuries;

2.    The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

3.    The mental, physical, emotional pain and suffering experienced and/or which with reasonable probability will be experienced in the future;

4.    The reasonable value of necessary medical care, treatment, services received;

5.    The reasonable value of necessary medical care, treatment, and/or services which with reasonable probability will be required in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Do not include in any damage award any amount of punitive

27

1    damages, court costs, or attorney's fees.

**JURY INSTRUCTION NO. 25.**

**AGGRAVATION OF PREEXISTING CONDITION OR DISABILITY**

Conner Banks is not entitled to damages for any physical or emotional condition that he had before the conduct in this case occurred.  However, if Conner Banks had a physical or emotional condition that was made worse by a Defendant's wrongful conduct, you must award damages that will reasonably and fairly compensate him for the effect on that condition.

**JURY INSTRUCTION NO. 26.**

**DAMAGES - MITIGATION**

    The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

    The defendant has the burden of proving by a preponderance of the evidence:

    1.   that the plaintiff failed to use reasonable efforts to mitigate damages; and

    2.   the amount by which damages would have been mitigated.

30

1      JURY INSTRUCTION NO. 27.

2      <u>PUNITIVE DAMAGES</u>

3

4          If you find for the plaintiff, Connor Banks, you may, but

5      are not required to, award punitive damages.  The purposes of

6      punitive damages are to punish a defendant and to deter similar

7      acts in the future.  Punitive damages may not be awarded to

8      compensate a plaintiff.

9          The plaintiff has the burden of proving, for his federal

10     civil rights claims, by a preponderance of the evidence that

11     punitive damages should be awarded.

12         You may award punitive damages only if you find that the

13     defendant's conduct that harmed the plaintiff was malicious,

14     oppressive or in reckless disregard of the plaintiff's rights.

15     Conduct is malicious if it is accompanied by ill will, or spite,

16     or if it is for the purpose of injuring the plaintiff.  Conduct

17     is in reckless disregard of the plaintiff's rights if, under the

18     circumstances, it reflects complete indifference to the

19     plaintiff's safety or rights, or if the defendant acts in the

20     face of a perceived risk that his actions will violate the

21     plaintiff's rights under federal law.  An act or omission is

22     oppressive if the defendant injures or damages or otherwise

23     violates the rights of the plaintiff with unnecessary harshness

24     or severity, such as by the misuse or abuse of authority or power

25     or by the taking advantage of some weakness or disability or

26     misfortune of the plaintiff.

27         Punitive damages may not be awarded against the City of

28     Sonora.  Punitive damages may only be awarded against Mace

31

McIntosh and/or Hal Prock.   You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.   Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

1

**JURY INSTRUCTION NO. 28.**

2

**CLEAR AND CONVINCING EVIDENCE – PUNITIVE DAMAGES**

3

4      On plaintiff's state law claims for intentional infliction

5 of emotional distress and false arrest, the standard of proof for

6 punitive damages is different.  To establish the entitlement to

7 punitive damages on his state claims, plaintiff Connor Banks must

8 prove that the facts to be proved have been established by clear

9 and convincing evidence, which is a higher burden of proof.

10 Clear and convincing evidence means the plaintiff must persuade

11 you that it is highly probable that the fact is true.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1      **JURY INSTRUCTION NO. 29.**

2      **<u>NOMINAL DAMAGES</u>**

3

4          The law which applies to this case authorizes an award of

5      nominal damages for violation of federal civil rights.  If you

6      find for the plaintiff but you find that the plaintiff has failed

7      to prove damages as defined in these instructions, you must award

8      nominal damages.  Nominal damages may not exceed one dollar.

34

1

2

3

**JURY INSTRUCTION NO. 30.**

**DUTY TO DELIBERATE**

4

5

6

   When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

7

8

9

   You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

10

11

12

13

   Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

14

15

16

   Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

17

18

19

20

21

   It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

22

23

24

25

26

27

28

35

1

**JURY INSTRUCTION NO. 31.**

2

**COMMUNICATION WITH COURT**

3

4    If it becomes necessary during your deliberations to

5    communicate with me, you may send a note through the law clerk,

6    signed by your presiding juror or by one or more members of the

7    jury.  No member of the jury should ever attempt to communicate

8    with me except by a signed writing; I will communicate with any

9    member of the jury on anything concerning the case only in

10   writing, or here in open court.  If you send out a question, I

11   will consult with the parties before answering it, which may take

12   some time.  You may continue your deliberations while waiting for

13   the answer to any question.  Remember that you are not to tell

14   anyone - including me - how the jury stands, numerically or

15   otherwise, until after you have reached a unanimous verdict or

16   have been discharged.  Do not disclose any vote count in any note

17   to the court.

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 32.**

**RETURN OF VERDICT**


A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

JURY INSTRUCTION NO. 33.

<u>PUNITIVE DAMAGES</u>

Ladies and gentlemen, that concludes the evidence in this phase of the case.  I'm now going to give you one more jury instruction.  But in considering your decision in this phase of the case, you should consider all of the jury instructions that have been given to you in the trial in addition to the instruction that I'm going to give you now.

As I have told you, it is the burden of the plaintiff to prove punitive damages by, on the first two claims which are the Fourth Amendment civil rights claims, a preponderance of the evidence.

It is the plaintiff's burden to prove the amount of punitive damages by clear and convincing evidence, which means highly probable, on the second claims which are the two state claims for intentional infliction of emotional distress and false arrest.

The preponderance of the evidence standard, you will remember, is considering all the evidence the plaintiff has established that it is more probably true than not true that the amount should be awarded that you determine.

The way in which the amount of punitive damages is to be approached by you is, as you have found that punitive damages are appropriate, you must use reason in setting the amount.

Punitive damages, if any, should be awarded in an amount sufficient to fulfill their purposes.  And the purposes of these damages are, as we have said, to punish or to make an example, to deter others from similar conduct.  But the amount should not

1   reflect bias, prejudice or sympathy toward any party.

2        In considering the amount of any punitive damages, consider
3   the degree of reprehensibility of the defendants' conduct,
4   including whether the conduct that harmed the plaintiff was
5   particularly reprehensible because it also caused actual harm or
6   posed a substantial risk of harm to people who are not parties to
7   this case.

8        You may not, however, set the amount of any punitive damages
9   in order to punish the defendant for harm to anyone other than
10  the plaintiff in this case.

11       You may also consider the relationship of any award of
12  punitive damages to any actual harm inflicted on the plaintiff.
13  Punitive damages may not be awarded against the City of Sonora,
14  as you know.

39