UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.B., a minor, | 1:09-cv-00285-OWW-SMS |
| Plaintiff, | MEMORANDUM DECISION RE PLAINTIFF'S MOTION FOR |
| v. | ATTORNEYS' FEES AND COSTS |
| SONORA SCHOOL DISTRICT; KAREN | (DOC. 176). |
| SINCLAIR; CITY OF SONORA; CHIEF OF POLICE MACE MCINTOSH; OFFICER HAL PROCK; DOES 1-10, | |
| Defendants | |

## I.   INTRODUCTION

Before the court is Plaintiff C.B.'s ("Plaintiff") Motion for Attorneys' Fees and Costs (Mot. Fees, ECF No. 176) and Supplemental Request for Attorneys' Fees (Supp. Mot. Fees, ECF No. 192). Defendants City of Sonora, Chief Mace McIntosh and Officer Hal Prock (collectively, "Defendants") oppose the motion. (Def. Opp'n, ECF No. 191.)

## II.  FACTUAL BACKGROUND

This civil rights action arises from Officers McIntosh and Prock's (together, "Defendant Officers") September 29, 2008 arrest of Plaintiff, then an eleven year-old student, at Sonora Elementary School. The case was tried before a jury beginning on August 23, 2011. On September 1, 2011, the jury returned a

1

verdict against Defendants on Plaintiff's Fourth Amendment claims for unlawful seizure and excessive force and pendant state law claims, and awarded Plaintiff $285,000 in damages against Defendants. (Verdict, ECF No. 174.) Defendants filed a Motion for Judgment as a Matter of Law (Mot. JMOL, ECF No. 177) and Motion for New Trial (Mot NT, ECF No. 178), which were denied (Order, ECF No. 194.). Judgment was entered in favor of Plaintiff. (Judgment, ECF No. 195.) Plaintiff now moves for attorney's fees and costs pursuant to 42 U.S.C. § 1988 for violation of his federal civil rights.

### III. <u>LEGAL STANDARD</u>

Litigants "are required to bear the expenses of their litigation unless a statute or private agreement provides otherwise." *Carbonell v. INS*, 429 F.3d 894, 897-98 (9th Cir. 2005). The Civil Rights Attorney's Fees Awards Act of 1976 permits the award of attorney's fees in civil rights actions, providing:

> In any action or proceeding to enforce a provision of section ... 1983 of this title, ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs...."

42 U.S.C. § 1988. "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933 (1983).

A plaintiff must be a "prevailing party" to recover

2

attorney's fees under 42 U.S.C. § 1988. *Id.* at 432. Once a determination is made that a plaintiff is a "prevailing party" and an award of attorney's fees is appropriate, the court must determine what fee is "reasonable."  *Id.* at 433. This determination involves a two-step process. First, the court calculates a "lodestar" by multiplying (i) the number of hours the prevailing party reasonably expended on the litigation by (ii) a reasonable hourly rate. *Id.* Second, the lodestar may be adjusted upward or downward based on an evaluation of the *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67-69-70 (9th Cir. 1975), factors which are relevant and not already subsumed in the initial lodestar calculation.[1] *McGrath v. Cnty. of Nevada*, 67 F.3d 248, 252 (9th Cir. 1994).

## IV.   DISCUSSION

Plaintiff requests an award of attorney's fees and costs under 42 U.S.C. § 1988.[2] Plaintiff seeks a total of $194,025.13

_____

[1] The *Kerr* factors to consider in determining a reasonable attorney's fees award are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70; *McGrath*, 67 F.3d at 252 n.4.

[2] Plaintiff may seek attorney's fees and costs on his pendant state law claims

in attorneys' fees based on <u>544.25</u> hours of work and an hourly rate of <u>$356.50</u> per hour (which includes a <u>1.15</u> multiplier). Plaintiff also seeks <u>$26,382.85</u> in litigation expenses.

A.   <u>Prevailing Party</u>

Defendants contend that Plaintiff's motion for attorney's fees is premature because Plaintiff is not a "prevailing party" under 42 U.S.C. § 1988 with a final judgment on the merits or an enforceable court order. Defendants assert that their motions for judgment as a matter of law and for new trial are still pending.

The term "prevailing party," as it is used in the attorney's fee statute, requires a "material alteration of the legal relationship of the parties." *Bennett v. Yoshida*, 259 F.3d 1097, 1100 (9th Cir. 2001) (quoting *Buckannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)).

The jury found in Plaintiff's favor on all the Section 1983 claims and pendant state law claims asserted against Defendants and awarded damages totaling $285,000. The jury's verdict altered the legal relationship of the parties. Defendants' motions for judgment as a matter of law and for new trial were denied. (Order, ECF No. 194.). Judgment was entered in favor of Plaintiff. (Judgment, ECF No. 195.) Plaintiff is a "prevailing

asserted against Defendants because the state law claims are based on a common nucleus of operative facts with Plaintiff's Fourth Amendment claims asserted under 42 U.S. § 1983. *Carreras v. Anaheim*, 768 F.2d 1039, 1050 (9th Cir. 1985) ("When the plaintiff in a civil rights action prevails on a pendent state claim based on a common nucleus of operative fact with a substantial federal claim, fees may be awarded under § 1988.")

party" within the meaning of 42 U.S.C. §1988.

B.    **Number of Hours**

1.    **Lodestar**

a)    **Number of Hours**

In submitting a fee request, counsel for the prevailing party should make a good faith effort to exclude hours that are "excessive, redundant or otherwise unnecessary from the fee request, just as he is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. The district court should exclude hours that were not "reasonably expended." *McGrath v. Cnty. of Nev.*, 67 F.3d 248, 252 (9th Cir. 1995).

Plaintiff requests attorneys' fees for 544.25 hours. Plaintiff contends that Defendants vigorously litigated the case for over two and a half years through: (i) two Motions to Dismiss; (ii) a Motion for Summary Judgment (with fifty-six separate and allegedly undisputed facts presented by Defendants for Plaintiff's response); (iii) eight Motions in Limine; (iv) discovery that included Rule 26 reports and depositions of four expert witnesses and six lay witnesses; and (v) a trial over seven court days that included ten witnesses, time spent in chambers on jury instruction and verdict form conferences, and disputes over jury instructions, verdict forms, and admissibility of exhibits. (Hopkins Decl. ¶ 11, ECF No. 176-1.).

Defendants raise three objections to Plaintiff's hours. First, Defendants argue that Plaintiff's counsel failed to

1  adequately document their hours and characterize their bills as

2  devoid of "any detail whatsoever." (Def. Opp. 6:22, ECF No. 191.)

3  The billing records have been reviewed in detail, and, contrary

4  to Defendants' assertion, the level of detail is adequate. There

5  is a delineation of services performed and hours expended for

6  each service described.

7  

8      Second, Defendants contend that the amount awarded should be

9  reduced for the performance of tasks that Defendants characterize

10 as "duplicative, redundant, unnecessary." (Def. Opp. 7:4, ECF No.

11 191.) Defendants argue that with the exception of mutual document

12 productions, no written discovery was performed, but Plaintiff

13 billed 5.3 hours over four days to the preparation, review, and

14 service of written discovery. Discovery preparation and review

15 are standard and expected part of every litigation. Even if

16 Defendants did not respond to Plaintiff's written discovery

17 requests, it is reasonable for Plaintiff's counsel to bill for

18 its preparation. Defendants also contend that Plaintiff's counsel

19 expended an excessive amount of hours on items that should have

20 reasonably only taken a fraction of time to perform, such as

21 legal research and drafting motions. After a detailed review of

22 the billing records, it is concluded that the hours billed were

23 reasonable under the circumstances for legal research what is

24 described and the motions that were drafted and not excessive.

25     Third, Defendants contest the number of hours Plaintiff

6

expended litigating the case against Defendants between October

10, 2008 and November 6, 2009. Plaintiff litigated the case

against Defendant School District and Coach Sinclair (together,

"School District Defendants"), as well as Defendants, from

October 10, 2008, but successfully mediated and settled his

claims against School District Defendants on November 6, 2009.

(Hopkins Decl. ¶ 7, ECF No. 176-1.) Plaintiff reduced the hours

expended from October 10, 2008 to November 6, 2009 by 50%, i.e.,

126.70 hours reduced to 63.35 hours. After reviewing the billing

records from October 10, 2008 to November 6, 2009, the 50%

reduction is a reasonable apportionment of the hours expended

between School District Defendants' portion of the case and the

remaining Defendants.

     Plaintiff's request for attorney's fees based on 544.25

hours is GRANTED.

                    b)    Hourly Rate

     In granting attorney's fees, the district court "must strike

a balance between granting sufficient fees to attract qualified

counsel to civil rights cases and avoiding a windfall to

counsel." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9[th]

Cir. 2008) (citations omitted). "The way to do so is to

compensate counsel at the prevailing rate in the community for

similar work; no more, no less." *Id.*

     Plaintiff requests attorney's fees based on a rate of

7

**$356.50** per hour, which adds 15% to the $310 per hour 2008-2011 rate of the Law Offices of John F. Martin, P.C., which is based in Walnut Creek, California. Plaintiff contends that $356.50 is the prevailing market hourly rate for Plaintiff's attorneys in Fresno, California. It is not.

Plaintiff was primarily represented by Christine Hopkins, who has been practicing law for five years since 2005. (Hopkins Decl. ¶ 1, ECF No. 176-1.) Plaintiff was also represented by John Martin, who has 39 years of legal experience. (*Id.*) Based on the court's experience and knowledge of the prevailing market rate in Fresno, California for a plaintiff's civil rights attorney with the time in practice and trial experience of Plaintiff's primary counsel (first jury trial) is $300 per hour. This assessment is supported by Plaintiff's counsel's declaration and supporting exhibits:

- Rayma Church, Esq. of Emerson, Corey, Sorenson, Church & Libke [a 1991 law school graduate] stated that she charges a rate of $300 per hour for Plaintiff's civil rights cases in the Fresno area and her Senior Partner charges $350 per hour. She last did a survey of Plaintiff's civil rights attorney billing rates in 2003 and at that time the fees in the Fresno area ranged from $300 to $400. (Hopkins Decl. ¶ 12, ECF No. 176-1.)

- Dean Gordon sent me copies of declarations filed in attorney fees motions in 2006 in Fresno courts which reflected his rates of $250 to $300 per hour in civil rights litigation (employment) at that time. (Hopkins Decl. ¶ 12, ECF No. 176-1.)

- Mark Coleman, who practices plaintiff's civil litigation (including civil rights matters) in the Fresno area, and who stated that he was familiar with the fee range being

8

charged by civil rights plaintiff's counsel in that local market . . . informed me that rates ranged between $150.00 per hour to $450.00 per hour, depending upon the skill, experience, and reputation of the individual attorney. (Wilson Decl. ¶ 8, June 16, 2009, Ex. E to Hopkins Decl., ECF No. 176-3.)

- Scott Quinlan, who [has been practicing] both plaintiff's and defense civil rights litigation in the Fresno area . . . since 1986 . . . quotes a fee rate of $225.00 per hour. (Wilson Decl. ¶ 9, June 16, 2009, Ex. E to Hopkins Decl., ECF No. 176-3.)

- Patience Mildred, who [has been practicing] Plaintiff's civil rights litigation in the Fresno area . . . since 1983 . . . quotes a fee rate of $350. (Wilson Decl. ¶ 10, June 16, 2009, Ex. E to Hopkins Decl., ECF No. 176-3.)

Plaintiff's submission of the United States Consumer Law Attorney Fee Survey is not helpful. That Survey shows the average legal rates for California as a whole, not the Fresno District of the Eastern District of California in particular. Plaintiff's submission of the Laffey Matrix is similarly not helpful. The Laffey Matrix surveys firms in Washington D.C. Plaintiff does not offer any evidence to justify his estimation that the Laffey Matrix numbers would only be reduced by 2% to reflect the Fresno market.

Plaintiff's request for attorney's fees based on a rate of $356.50 per hour is DENIED. Plaintiff's award of attorney's fees shall be calculated using a rate of $300 per hour.

2.   Multiplier

If Plaintiff's attorney's fees request based on a rate of $356.50 per hour is denied, Plaintiff asks that his hourly fee rate be increased by a 1.15 multiplier under the *Kerr* factors.

Plaintiff asks the court to take into account: (i) the results obtained as compared to Defendants' valuation of the case and Rule 68 Offer of Judgment; (ii) the novelty of legal questions involved in this case; and (iii) the skill, time and labor required to prevail on these novel issues.

The award of attorney's fees, calculated at $300 per hour for 544.25 hours, is reasonable and does not require an increase. Although Plaintiff obtained a favorable result, the case did not present any novel legal questions. Plaintiff asserted standard Fourth Amendment claims against Defendants for unlawful seizure and excessive force and pendant state law claims for battery, unlawful imprisonment, and intentional infliction of emotional distress. These claims did not require any particular skill, time, or labor to prevail.

Plaintiff's request to enhance the lodestar fee by a multiplier of 1.15 is DENIED.

C.   **Expenses**

Plaintiff seeks reimbursement for $26,382.85 in expenses in addition to the $11,063.08 requested in the Bill of Costs. These additional costs include: (i) $19,249.64 in expert witness fees paid to Plaintiff's expert witnesses above the $40 witness fee and mileage; (ii) $2,902.50 in fees charged to Plaintiff by Defendants' expert witnesses for their time at depositions; and (iii) $4,230.71 in postage, facsimile, travel, mileage, and attorney lodging during trial.

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant protests that there is no legal basis to grant Plaintiff's request for expenses above the Bill of Costs. Plaintiff cites a Ninth Circuit case that permit recovery under 42 U.S.C. § 1988 for out of pocket expenses that "would normally be charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994). Reasonable attorney's fees, however, do not include costs that, like expert fees, have by tradition and statute been treated as a category of expenses distinct from attorney's fees. *Trs. Of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006). Plaintiff may request reimbursement for postage, facsimile, travel, mileage, and attorney lodging as permitted by law with the Bill of Costs.

Plaintiff's request for $26,382.85 in expenses is not permissible and is DENIED under 42 U.S.C. § 1988.

V.   CONCLUSION

For the reasons stated:

1. Plaintiff's Motion for Attorney's Fees GRANTED in part and DENIED in part, as follows:

a. Plaintiff is GRANTED attorney's fees for 544.25 hours at a rate of $300 per hour, for an attorney's fees award of $163,275.

b. Plaintiff's request for $26,382.85 in expenses is DENIED.

//

11

1    SO ORDERED.

2    DATED: September 30, 2011

3                                              /s/ Oliver W. Wanger
4                                          Oliver W. Wanger
                                       United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    12