UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.B., a minor,<br><br>    Plaintiff,<br><br>v.<br><br>SONORA SCHOOL DISTRICT, et al.,<br><br>    Defendants. | 1:09-cv-00285-AWI-SMS<br><br>ORDER ON DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS TO ENFORCE JUDGMENT PENDING APPEAL WITHOUT SUPERSEDEAS BOND OR, IN THE ALTERNATIVE, WITH PARTIAL SUPERSEDEAS BOND<br><br>(DOC. 210) |

## I.    INTRODUCTION

Before the Court is Defendants City of Sonora, Chief of Police Mace Macintosh and Officer Hal Prock's (together, "Defendants") Motion for Stay of Proceedings to Enforce Judgment Pending Appeal without Supersedeas Bond or, in the Alternative, with Partial Supersedeas Bond ("Motion for Stay").  For the reasons set forth below, Defendants' motion will be DENIED.

## II.    FACTUAL BACKGROUND

This civil rights action arises from Chief McIntosh and Officer Prock's September 29, 2008 arrest of Plaintiff, then an eleven year old student, at Sonora Elementary School.  Plaintiff filed a Complaint (Compl., ECF No. 2) and an Amended Complaint (Am. Compl., ECF No. 54) alleging: (1) violation of the Unruh Civil Rights Act; (2) false imprisonment; (3) battery; (4) intentional infliction of emotional distress; (5) violation of Section 504 of the Rehabilitation Act of 1973; (6) violation of the Americans with Disabilities Act; and (7) civil rights claims under 42 U.S.C. § 1983 pursuant to the Fourth Amendment.  Plaintiff settled his claims against Defendants Sonora School District and Karen Sinclair on November 6, 2009.  Pet. Approval Compr., ECF

No. 48.

The case was tried before a jury beginning on August 23, 2011. On September 1, 2011, the jury returned a verdict in Plaintiff's favor against Defendants and awarded Plaintiff $265,000 in damages against Defendants, as follows: $100,000 against the City of Sonora; $120,000 against Chief McIntosh; and $65,000 against Officer Prock. Verdict 12-13, 16, ECF No. 174. Although the jury found that Plaintiff was entitled to recover punitive damages against Chief McIntosh and Officer Prock, they did not award Plaintiff any punitive damages. *Id.* Plaintiff submitted a Bill of Costs for $11,063.08 (ECF No. 175), of which $5,633.29 was taxed (ECF No. 216). On September 30, 2011, the Court denied Defendants' Motion for a New Trial and Motion for Judgment as a Matter of Law (Order, ECF No. 194), granted Plaintiff $163,275 in attorneys' fees (Order, ECF No. 197), and entered Judgment in favor of Plaintiff against Defendants (J., ECF No. 195). Defendants filed an appeal of the Judgment. Not. Appeal, ECF No. 208. All proceedings to enforce the Judgment were stayed pending the Court's adjudication of the Motion for Stay. Order, ECF No. 211.

### III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 62(a), a district court's judgment becomes final and enforceable fourteen days after judgment is entered. *Columbia Pictures Indus., Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001); Fed. R. Civ. P. 62(a). "At that time, a prevailing plaintiff is entitled to execute upon a judgment." *Columbia Pictures Indus.*, 259 F.3d at 1197.

Federal Rule of Civil Procedure 62(d) allows an appellant to stay the execution of a judgment pending appeal by posting a supersedeas bond. Fed. R. Civ. P. 62(d). "The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). The purpose of a supersedeas bond is to secure an appellee from a loss that may result from the stay. *Rachel v. Banana*

2

*Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). "Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances." *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980).

District courts have "inherent discretionary authority in setting supersedeas bonds," *Rachel*, 831 F.2d at 1505 n.1, including the discretion to allow alternative types of security or to waive the bond requirement. *Int'l Telemeter, Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985) ("Although Federal Rule of Civil Procedure 62 provides that a supersedeas bond may be used to stay execution of a judgment pending appeal, the court has discretion to allow other forms of judgment guarantee."); *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796 (9th Cir. 1989) ("[T]he district court has broad discretionary power to waive the bond requirement if it sees fit."), *vacated on reh'g on other grounds by* 929 F.2d 1358 (9th Cir. 1990) (en banc) ("[W]e have held that the district court may permit security other than a bond."); *In re Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977) ("Under Fed. R. Civ. P. 62(d), an appellant may obtain a stay as a matter of right by posting a supersedeas bond acceptable to the court. Since no bond was posted, the grant or denial of the stays was a matter strictly within the judge's discretion."); *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1101, 1104 (S.D. Cal. 1990); *Aldasoro v. Kennerson*, 915 F. Supp. 188, 191 (S.D. Cal. 1995). An appellant has the burden to "objectively demonstrate" the reasons for departing from the usual requirement of a full supersedeas bond. *Poplar Grove Planting & Refining Co. v. Bache Hasley Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).

A waiver of the bond requirement may be appropriate where: (1) "the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money"; and (2) "the opposite case, . . . where the requirement would put the defendant's other creditors in undue jeopardy." *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986); *Brooktree Corp. v. Advanced Micro Devices*, 757 F. Supp. 1101, 1104 (S.D. Cal. 1990); *Aldasoro v. Kennerson*, 915 F. Supp. 188, 191 (S. D. Cal. 1995). When determining whether to waive the superseadas bond, courts have examined the following criteria:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial position that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988); 12-62 James Wm. Moore et al., Moore's Federal Practice § 62.03 (Matthew Bender 3d ed.); *United States v. Boyce,* 148 F. Supp. 2d 1069, 1096 (S.D. Cal. 2001) (quoting *Dillon*, 866 F.2d at 904-05).[1]

//

//

---

[1] Plaintiff contends that Defendants' motion for an unsecured stay should be examined under the four-factor test applied to stays of non-monetary civil orders and judgments under Federal Rule of Civil Procedure 62(c). The four factors are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (quoting *Nken v. Holder*, 556 U.S. 418, 129 S. Ct. 1749, 1761 (2009)). Plaintiff has not provided any legal authority to show that the test for appeals involving injunctive relief should be applied here, a case for appeal of a monetary judgment. The four-factor test is inapplicable. *See Bolt v. Merrimack Pharms. Inc.,* 2005 U.S. Dist. LEXIS 46591, at *8 (Sep. 20, 2005) (concluding that the preliminary injunction test is "irrelevant in a case controlled by Rule 62(d)").

Plaintiff further contends that the history of the litigation and Plaintiff's status as a minor should also be taken into consideration. Plaintiff does not provide any authority to support this assertion; it is disregarded.

## IV.   DISCUSSION

### A.   Waiver of Superseadas Bond

Defendants contend that a superseadas bond is not required to stay execution of the Judgment because they have adequately shown that they are capable of paying the Judgment if the Ninth Circuit affirms it, and that waiver of the superseadas bond does not create any risk of non-payment or otherwise harm Plaintiff. Plaintiff counters that Defendants have not met their burden to qualify for an unsecured stay, and that their sole evidence, the Declaration of Kenneth Wilkerson (Wilkerson Decl., ECF No. 210), is deficient. Given the evidence presented, the Court finds that Defendants have not met their burden to justify a departure from the normal full supersedeas bond.

Defendants rely solely on the declaration of Kenneth Wilkerson (Wilkerson Decl., ECF No. 210), an employee of AIMS. According to Wilkerson, AIMS is the third-party administrator for the Central San Joaquin Valley Risk Management Authority ("CSJVRMA"). Wilkerson Decl. ¶ 1. Wilkerson declares that the CSJVRMA defends and indemnifies Defendants, and will continue to do so through the appellate process until a final judgment is rendered. Wilkerson Decl. ¶ 3. Wilkerson declares that CSJVRMA will pay any and all judgments against Defendants in accordance with a formalized standard process that takes less than fifteen days from final judgment to distribution of payment. Wilkerson Decl. ¶¶ 4-6. Wilkerson further declares that for the 2008 to 2009 program year, CSJVRMA collected $8,900,000 to cover claims and administrative expenses. Wilkerson Decl. ¶ 7. Wilkerson declares that CSJVRMA's financial status has been, is, and will continue to remain stable; that CSJVRMA does not have a history of refusing payment to judgment creditors upon final judgment; and not once has CSJVRMA been rendered unable to issue a timely payment due to lack of funds or financial distress. Wilkerson Decl. ¶ 9.

First, Plaintiff questions Wilkerson's authority to speak for CSJVRMA. Wilkerson declares that AIMS is CSJVRMA's third-party administrator. Wilkerson Decl. ¶ 1. Plaintiff points out, however, that CSJVMRA's website names Bickmore Risk Services, not AIMS, as it management firm and claims administrator.[2] Plaintiff further questions Wilkerson's lack of authority to bind CSJVRMA to pay the liabilities of the two individual Defendants, Chief McIntosh and Officer Prock, who are not members of, nor insured by, CSJVRMA. In response, Defendants submit the Declaration of Jeannette Workman (Workman Decl., ECF No. 215-1), a CSJVRMA officer with the official title of Administrator, who declares that CSJVRMA "confirmed the truth and accuracy" of Wilkerson's declaration and provided Wilkerson with authorization and approval to execute his declaration. Workman Decl. ¶ 5. Workman's declaration addresses sufficiently Plaintiff's criticisms regarding Wilkerson's authority.

Second, Plaintiff contends that Wilkerson's declaration does not adequately show CSJVRMA's ability to pay the Judgment. From the evidence presented, Defendants' ability to pay the judgment is not "so plain that the cost of the bond would be a waste of money." *Olympia Equip. Leasing Co.*, 786 F.2d at 796. Wilkerson declares that for the 2008 to 2009 program year, CSJVRMA collected $8,900,000 to cover claims and administrative expenses. Wilkerson Decl. ¶ 7. CSJVRMA's Monthly Liability Claim Report dated May 2011 states that as of May 2011, CSJVRMA had a total of $6,724,315.87 in current reserves to pay all of its 482 open claims. Hopkins Decl. Ex. 4, ECF No. 213-1. Plaintiff's $265,000 damage award, plus $163,275

---

[2] CSJVRMA's website provides:

> The CSJVRMA contracts with Bickmore Risk Services, a firm specializing in the management of joint powers authorities, to handle the day-to-day operations of the CSJVRMA. The firm's employees provide general administrative, financial management, underwriting, loss prevention, claims management, litigation management, risk management, accounting, and other services as necessary for the operations of the CSJVRMA.

http://www.csjvrma.org/AboutCSVJRMA.aspx, Hopkins Decl. Ex. 3, ECF No. 213-1.

attorneys' fees award, plus $5,633.29 in taxed costs, totals $433,908.29. As of May 2011, CSJVRMA's total reserves were over fifteen times Plaintiff's current award. In contrast, the appellant in *Federal Prescription Service, Inc. v. American Pharmaceutical Association*, 636 F.2d 755, 761 (D.C. Cir. 1980), had a net worth of forty-seven times the damage award. More importantly, Defendants do not provide sufficient evidence that CSJVRMA has "a financially secure plan for maintaining that same degree of solvency during the period of an appeal." *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). Although Wilkerson declares that CSJVRMA has been, is, and will continue to remain stable, Wilkerson Decl. ¶ 9, Defendants do not provide any evidence to support this broad, conclusive statement. CSJVRMA's reserves have decreased by over two million dollars since CSJVRMA collected $8,900,000 for its 2008 to 2009 program year. CSJVRMA has fifty-five member cities and 482 open claims. Defendants have not provided any evidence that CSJVRMA's funds will be replenished, how it intends to pay 482 claims with less than seven million dollars, or how the funds will be allocated among the 482 outstanding claims. The Court does not have sufficient confidence in the availability of funds to pay the Judgment. In contrast, the appellant in *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988), provided evidence that appropriations were deposited annually into the fund that would pay plaintiff's judgment "in an amount designed to provide adequate funds for payment of such awards."

Defendants do not provide sufficient evidence to meet the burden for a stay without a full superseadas bond under Federal Rule of Civil Procedure 62(d). Defendants' request for a stay without a superseadas bond or a reduced bond is DENIED.

B. **Temporary Stay**

If the Court denies the Motion for Stay, Defendants request a temporary stay for a reasonable period of time to allow Defendants to post the supersedeas bond. Execution of the

7

Judgment was already stayed fourteen days from its entry. Fed. R. Civ. P. 62(a). The Court imposed an additional stay pending adjudication of the Motion for Stay. Order, ECF No. 211. Defendants do not provide any authority for an additional stay. If Defendants wish to stay execution of the Judgment pending appeal, Defendants must file a supersedeas bond. A stay will take effect when the Court approves Defendants' superseadas bond. Fed. R. Civ. P. 62(d). Defendants' request for a temporary stay is DENIED.

### C. **Amount of Bond**

Plaintiff requests a supersedeas bond equal to at least $650,000 to incorporate post-judgment interest and attorneys' fees and costs for the appeal. Defendants contend that there is no justification, in law or the facts of the case, to warrant an increased bond.

Federal Rule of Civil Procedure 62(d) is silent as to the required amount of a supersedeas bond. *See* Fed. R. Civ. P. 62(d). The pre-1968 version of Rule 62(d), Rule 73(d), directed that the bond include "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond." *Poplar Grove Planting & Refining Co. v. Bache Hasley Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (quoting Fed. R. Civ. P. 73(d)). The current Rule 62(d) has been applied consistently with its predecessor Rule 73(d). *Id.*; 12-62 James Wm. Moore et al., Moore's Federal Practice § 62.03 (Matthew Bender 3d ed.).

Plaintiff's damage award, attorneys' fees award, and taxed costs total $433,908.29. Local Rule 151(d) provides that "[w]hen required, a supersedeas bond shall be 125 percent of the amount of the judgment unless the Court otherwise orders." L.R. 151(d). The Court finds that the Eastern District of California's standard twenty-five percent enhancement will protect sufficiently Plaintiff's attorneys' fees and costs on appeal and post-judgment interest. To stay

execution of the Judgment pending appeal, Defendants must file a supersedeas bond equal to 125% of Plaintiff's $433,908.29 award, or $542,385.36. Plaintiff's request for an enhanced superseadas bond is DENIED.

### V. CONCLUSION

IT IS HEREBY ORDERED that:

1. Defendants' Motion for Stay is DENIED. If Defendants seek to stay the Judgment pending appeal, Defendants shall post a supersedeas bond equal to 125% of Plaintiff's $433,908.29 award, or $542,385.36. The stay shall become effective upon the Court's approval of the bond.

2. Defendants' request for a temporary stay is DENIED.

3. Plaintiff's request for an enhanced superseadas bond is DENIED.

IT IS SO ORDERED.

Dated:   October 27, 2011                              _____
                                                      CHIEF UNITED STATES DISTRICT JUDGE