# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.B., a minor, | CASE NO. 1:12-cv-00111-LJO-SMS |
| Plaintiff, | **ORDER DENYING MOTION TO WITHDRAW FUNDS FROM THE MINOR PLAINTIFF'S BLOCKED ACCOUNT** |
| v. | |
| SONORA SCHOOL DISTRICT, et al., | |
| Defendants. | (Doc. 236) |

On February 11, 2013, Matthew D. Banks, *guardian ad litem* for Plaintiff C.B., a minor, has petitioned this Court for an order permitting him to withdraw $4000.00 from Plaintiff's blocked account. The blocked account includes a total of $12,516.21. The withdrawal's purpose is to reimburse Plaintiff's grandmother, Theela Butcher, for funds she advanced to Plaintiff to allow him to purchase a 1987 Ford Ranger truck for his own use. Plaintiff first borrowed the money from his grandmother "because he wanted to purchase the truck before it sold to someone else." Doc. 240. Plaintiff did not secure a driver's license until February 19, 2013.

As a derivative of Federal Rule of Civil Procedure 17(c), district courts bear the responsibility of safeguarding the interests of minor litigants. When the parties propose to settle a lawsuit brought on behalf of a minor, the district court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011), *quoting Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978). The Ninth Circuit Court of Appeals "has not provided district courts with specific

guidance on how to conduct this independent inquiry, nor dictated whether district courts should consult state law and local rules in making such determinations. *Robidoux*, 638 F.3d at 1181. Typically, district courts in the Ninth Circuit evaluate whether a settlement serves the minor's best interests using state and local procedures. *Id.*

California law permits a parent or guardian to compromise a minor's legal claim and permits the Court to disburse funds for payment of medical expenses and legal fees, among other things. California Probate Code § 3600 *et seq.* Any remaining balance must be paid, delivered, deposited, or invested in accordance with statutory requirements. California Probate Code § 3610. Among the options that a Court may elect is the one used in this case: "That the remaining balance of any money paid or to be paid be deposited in an insured account in a financial institution in this state . . . subject to withdrawal only upon authorization of the court." California Probate Code § 3611(b). Whichever option the Court chooses, it is directed to make its determination regarding the balance of a minor's funds "in the best interest of the minor." California Probate Code § 3611. The Court retains continuing jurisdiction over the funds until the minor reaches maturity at eighteen years of age. California Probate Code § 3612(a).

The Court has been unable to identify a standard for evaluating a proposed withdrawal from a minor's blocked account other than that of the minor's best interests. Case law regarding equitable modifications of trusts is helpful in evaluating the pending request here.

In cases involving trust law, courts should exercise their equitable power to modify trust terms only sparingly and in the clearest of cases, when necessary to fulfill the trust's main purpose. *Stanton v. Wells Fargo Bank & Union Trust Co.*, 150 Cal.App.2d 763, 770 (1957). California courts have power in equity to modify a trust's terms to preserve it or to preserve the trustor's original intent. *Getty v. Getty*, 205 Cal.App.3d 134, 142 (1988).

Modifications are appropriate when the court can step into the grantor's shoes and further the trustor's purpose by making such changes as the trustor would have made in response to the modification petition. *Stanton*, 150 Cal.App.2d at 770. "[T]he court should not permit a deviation simply because the beneficiaries request it where the main purpose of the trust is not threatened and no emergency exists or is threatened." *Id. See also Shelton v. King*, 229 U.S. 90,

101 (1913) (denying modification since "nothing has happened since the will which was not anticipated by the testatrix").  Where a trust directs accumulations of income for a fixed time before distributions may be made to the beneficiary, the court ordinarily cannot terminate the trust, even when all the beneficiaries request termination.  *Moxley v. Title Insurance & Trust Co.*, 27 Cal.2d 457, 462 (1946).

      Suitable situations for court modification have included removal of restrictions on the sale of real property held in trust where the trustor could not have anticipated the discovery of valuable gas, oil, and minerals on the property (*Adams v. Cook*, 15 Cal.2d 352 (1940)); accelerated payment of a trust balance to a beneficiary who, although young and healthy when the trust was made, had become chronically ill and required a series of operations (*Whittingham v. California Trust Co.*, 214 Cal. 128 (1931); and periodic payment of the income of a trust scheduled to paid to the beneficiary at age twenty-five to enable the beneficiary, a minor "of intellectual promise," to complete her education (*Bennett v. Nashville Trust Co.*, 127 Tenn. 126 (1913)).  In contrast, a beneficiary who was entitled to receive an amount in trust when she reached the age of thirty-five years petitioned the Court to modify the trust to provide for an earlier pay-out so that she could purchase a home for which she otherwise lacked the financial means.  *See Moxley*, 27 Cal.2d 457.  The court denied her request, finding that the situation was neither an emergency nor peculiar circumstances that the trustor would not have considered when establishing the trust's terms.  *Id.*

      A blocked account created to protect the net settlement proceeds of a lawsuit brought on behalf of a minor is akin to a trust created to preserve a minor's asset until he or she reaches the age of majority.  Permitting arbitrary withdrawals that are not required by an emergency or unanticipated circumstances would circumvent the public policy of preserving the child's assets until his or her majority and would not be in the child's best interests.  Just as the grantor of Mrs. Moxley's trust would reasonably have considered that Mrs. Moxley might want to buy a house before her trust pay-out was due, the legislature can reasonably be presumably to have recognized that a youthful former plaintiff might want to buy a car upon reaching sixteen.  Public policy nonetheless was structured to protect his or her net settlement proceeds until the age of majority.

The request for authorization to withdraw funds from Plaintiff's blocked account for the purchase of a truck is DENIED.

IT IS SO ORDERED.

**Dated:   March 8, 2013**                        /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE